**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE and | § | |
| RICHARD ELVIN KING, individually and | § | |
| on behalf of those similarly situated, | § | |
| | § | Civil Action No. 4:20-cv-01115 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, in his official capacity, | § | |
| ROBERT HERRERA, in his official capacity, | § | |
| And TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANTS' OPPOSED MOTION TO TRANSFER CASE TO**
**JUDGE HOYT OR, IN THE ALTERNATIVE, PLACE CASE**
**INTO THE COURT'S RANDOM ASSIGNMENT SYSTEM**

---

TO THE HONORABLE JUDGE ELLISON:

Pursuant to Federal Rule of Civil Procedure 7(b), Defendants file this motion requesting

that this case be transferred back to Judge Kenneth Hoyt or, in the alternative, that it be placed

back into this Court's random assignment system.

**FACTUAL BACKGROUND**

When a lawsuit is filed in the Southern District of Texas, the Court randomly assigns that

suit to a judge within the Division in which the suit is filed. *See* S.D. Tex. Local R. 83.6A (noting

random assignment); *Santos v. Rosenthal*, 4:09cv904, 2009 WL 10714411, at *1 (S.D. Tex. June

3, 2009). The Court's procedures provide for the transfer of a suit to a judge handling "related"

litigation. *See Davis v. Galagaza*, No. 19cv3119, 2019 WL 4757457, at *2 n.1 (S.D. Tex. Sept.

30, 2019); *Montemayor Seguy v. United States*, 329 F. Supp. 2d 880 (S.D. Tex. 2004); *cf.* S.D. Tex. Local R. 5.2 ("The parties must advise the Court of related current or recent litigation and of directly affected non-parties.").

On their civil cover sheet, Plaintiffs indicated that this is related to other litigation pending before Your Honor concerning temperatures in certain units of the Texas prison system. *See* Dkt. No 1-1; *Cole v. Collier*, 4:14-cv-01698 (S.D. Tex.). The Court randomly assigned this case to Judge Kenneth Hoyt. *See* Dkt. No. 2. Based on an agreement between Your Honor and Judge Hoyt, Judge Hoyt transferred this case to Your Honor. *Id.*

## ARGUMENT

"The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). "It is particularly important for a district utilizing a random selection process to jealously guard the integrity of the system from potential abuse which attempts to circumvent the process." *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 72 (D.P.R. 2004). Thus, "attempts to manipulate the random case assignment process are subject to universal condemnation." *United States v. Phillips*, 59 F.Supp.2d 1178, 1180 (D. Utah 1999); *accord, e.g.*, *Lane v. City of Emeryville*, 56 F.3d 71 (table), 1995 WL 298614, at *2 (9th Cir. 1995).

Here, Plaintiffs have attempted to circumvent the random case assignment process by incorrectly designating this case as related to *Cole*. The practice of assigning related cases to the same judge is a limited exception to the general rule of random case assignment for purpose of

enhancing "judicial economy." *E.g.*, *Enbridge Pipelines (Illinois) L.L.C. v. Eck*, No. 08cv3206, 2008 WL 5111248, at *1 (C.D. Ill. Dec. 3, 2008); *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 396 (E.D. Wis. 2008); *see also United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969). The practice is not, however, intended to "foster[] judicial specialization," *Bd. of Sch. Directors v. State of Wisconsin*, 102 F.R.D. 596, 598 (E.D. Wis. 1984), or judge shopping, *see, e.g.*, *Access Now, Inc. v. Allen Edmonds Corp.*, 17cv0959, 2017 WL 4023258, at *3 (W.D. Pa. Sept. 13, 2017). Thus, similarity in legal theories or parties is not enough to justify departing from random case assignment.[*]

Related cases are those that rely on substantially similar evidence or arise out of the same transaction or occurrence as a case currently pending. This case, which challenges Defendants' response to the unprecedented COVID-19 pandemic, is not related to *Cole*, which concerns temperatures in certain prison units, and is pending before Your Honor only for purposes of enforcing a settlement agreement. The facts and legal issues of this case have nothing to do with the settlement agreement in *Cole*, nor does this case involve substantially similar evidence or the same transaction or occurrence at issue in *Cole*. To maintain the integrity and fulfill the purposes of the Court's random assignment system, this case should be transferred back to Judge Hoyt or reassigned randomly.

## I.     This Case and *Cole* Are Not Related.

This Court's local rules do not appear to define "related." But the near-universal meaning of the term given by courts that do define it is a pending case that relies on substantially similar

---

[*] This Court's current Division of Work Order provides that "[a] judge may handle matters for another judge by consent." General Order No. 2020-1 ¶ 32(B). But handling a matter for another judge is distinct from transferring a case. *See id.* ¶¶ 19, 27 (designating certain Senior Judges to "[r]eceive[] cases and other matters transferred by agreement from other judges").

evidence or arises out of the same transaction or occurrence. *See, e.g.*, Mahdavi v. C.I.A., 898 F.2d 156 (table), 1990 WL 28139, at *1 (9th Cir. 1990) (discussing local rule); *Shedlock v. Spencer*, 11cv11603, 2012 WL 1358645, at *1 (D. Mass. Apr. 17, 2012) (same); *Rusnell v. Marougi*, No. 08cv12075, 2008 WL 4642800, at *2 (E.D. Mich. Oct. 20, 2008) (same); *Ignatyev v. Chertoff*, No. 08cv1547, 2008 WL 1757841, at *2 (E.D. Pa. Apr. 16, 2008) (same); *Brandt v. Sebelius*, No. 14cv0681, 2014 WL 2461909, at *2 (W.D. Pa. May 29, 2014) (same); *Obert v. Republic W. Ins. Co.*, 190 F. Supp. 2d 279, 289 (D.R.I. 2002) ("The practice of this Court is to deem cases related when they arise out of the same events.").

This case and *Cole* do not meet that common and common-sense definition of the term "related." This case involves claims under the Eighth Amendment and the Americans With Disabilities Act (ADA) challenging the adequacy of sanitary and disease-prevention measures specifically related to spread of COVID-19. Dkt No. 1 ¶¶ 31-37, 47-48. Plaintiffs' claims make specific reference to Centers for Disease Control guidance on preventing the outbreak of COVID-19 in prisons. *Id.* ¶ 30. Plaintiffs complain that Defendants have failed ensure social distancing and other preventive measures. *Id.* ¶¶ 35-37. Plaintiffs ask for access to contraband like alcohol-based hand sanitizer and bleach. *Id.* ¶ 82.

*Cole* concerns none of these issues. The named plaintiffs in *Cole* are different. While the *Cole* plaintiffs sued on Eighth Amendment and ADA grounds, none of their claims remain pending. The parties settled *Cole* in 2018. While the case remains open, the only matter pending before Your Honor is enforcement of the settlement agreement. *See* Final Order and Judgment Approving Class Action Settlement and Attorneys' Fees, *Cole, et al. v. Collier, et al.*, No. 4:14-cv-1698. Nothing in that settlement agreement refers to COVID-19, which did not exist at the time of the agreement, hand sanitizer, social distancing, CDC guidelines or anything else

substantially related to this case. And nothing in that agreement turns on the Eighth Amendment or the ADA; its enforcement turns only on the terms agreed to by the parties in that case. There is no overlap between Plaintiffs' claims and the *Cole* settlement, let alone the kind of substantial overlap that could justify departing from random assignment. If there were substantial overlap between the claims asserted in this case and the claims asserted in *Cole*, Plaintiffs would have sought relief for their COVID-19-related claims by moving in *Cole* to enforce the settlement agreement.

They did not do so, and they could not have done so, because the claims in the two cases do not overlap, and the cases are not related. The *Cole* plaintiffs complained that in summer months, "the apparent temperatures routinely exceed 100 degrees inside inmate housing areas" of the Pack Unit. Third Amended Class Action Complaint ¶ 2, *Cole, et al. v. Collier, et al.*, No. 4:14-cv-1698 (S.D. Tex. May 7, 2017). They alleged that the defendants subjected class members "to extremely hot apparent temperatures inside prisoners' housing areas in violation of the Eighth and Fourteenth Amendments to the Constitution," *id.* ¶ 3, and "refuse[d] to make reasonable accommodations for these prisoners with disabilities, in violation of the Americans with Disabilities Act and Rehabilitation Act," *id.* ¶ 4. Their claims relied on heat-related deaths in other prison units between 1998 and 2012, *id.* ¶ 92, and heat-related injuries to prisoners at the Pack Unit, *id.* ¶¶ 114-118. The *Cole* plaintiffs sought an injunction requiring the defendants "to maintain a safe indoor apparent temperature (e.g. maintaining a heat index of 88 degrees or lower) inside each of the Pack Unit's housing areas (calculated using the NWS heat index table)." *Id.* ¶ 254. The claims in *Cole* arose out of events occurring years before the current pandemic and relied on expert testimony regarding the risks posed by heat exposure and the availability and efficacy of mitigation measures. *See generally* Memorandum and Order, *Cole, et al. v. Livingston,*

*et al.*, No. 4:14-cv-1968 (S.D. Tex. June 14, 2016) (summarizing evidence related to class certification). Those claims have no relevance to Defendants' efforts to prevent the introduction and spread of COVID-19, or to the circumstances, if any, in which the Eighth Amendment or the ADA compel state officials to allow contraband in state prisons. There is thus no substantial overlap between the cases, which further shows they are not related. *See, e.g.*, *Rusnell*, 2008 WL 4642800, at *2 (similar events involving same defendant were not related because "[t]he evidence offered in each case involves different incidents on different dates").

To be sure, the *Cole* plaintiffs, like Plaintiffs here, sued on Eighth Amendment and ADA grounds. But "[s]imilarity of legal theories and defendants" is not enough to make cases related. *Ignatyev*, 2008 WL 1757841, at *2; *accord, e.g.*, *Tripp*, 196 F.R.D. at 202 (cases were not related despite asserting same right); *Ukrainian Nat'l Ass'n of Jewish Former Prisoners of Concentration Camps & Ghettos v. United States*, 205 F.R.D. 102, 103-04 (E.D.N.Y. 2001) (cases were not related despite involving similar legal issues). "[T]o permit such an interpretation of the related case rule would undermine the important goals of" random assignment, "namely to avoid any appearance of judge-shopping or favoritism in assignments and to assure the public that cases were assigned on an impartial and neutral basis." *Tripp*, 196 F.R.D. at 202 (D.D.C. 2000); *accord, e.g.*, *United States v. Mavroules*, 798 F. Supp. 61 (D. Mass. 1992). What is more, numerous judges in the Houston Division of this Court have handled conditions-of-confinement cases, including claims involving the Pack Unit. *See, e.g.*, *Borden v. Fort Bend County*, 19cv551, 2020 WL 1321517 (S.D. Tex. Mar. 17, 2020); *Hardin v. Tex. Dep't of Criminal Justice*, No. 18cv3063, 2019 WL 7037403, at *1 (S.D. Tex. Dec. 20, 2019); *Collins v. Herrera*, No. 18cv2940, 2019 WL 2176305 (S.D. Tex. May 20, 2019); *Johnson v. Doe*, No. 12cv2728, 2013 WL 3816727 (S.D. Tex. July 22, 2013), *aff'd*, 582 Fed. Appx. 512 (5th Cir. 2014). *Watson v. Quarterman*, No.

06cv3260, 2008 WL 552447 (S.D. Tex. Feb. 27, 2008). There is no reason to believe that any of the judges in the Houston Division lack the wherewithal or expertise to adjudicate Plaintiffs' claims in an economical manner.

## II.    The Court Should Transfer the Case Back to Judge Hoyt.

Because this case and *Cole* do not substantially overlap in facts, evidence, or specialized legal questions, the cases are not related, and thus the transfer of this case to Your Honor was not justified on that basis. As numerous cases demonstrate, the proper course of action in this circumstance is to either send the case back to Judge Hoyt, to whom it was randomly assigned, or return it to the Clerk's office for random assignment. *See, e.g.*, *Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019); *Ignatyev*, 2008 WL 1757841, at *3; *Ukrainian Nat'l Ass'n of Jewish Former Prisoners of Concentration Camps & Ghettos*, 205 F.R.D. at 104; *Bd. of Sch. Directors*, 102 F.R.D. at 598.

**Conclusion**

The Court should transfer this case to Judge Hoyt or return it to the Clerk's office for random assignment.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Christin Cobe Vasquez
**CHRISTIN COBE VASQUEZ**
*Attorney-in-Charge*
Texas State Bar No. 24074047
Federal Bar No. 1125898
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4199
Facsimile: (512) 370-9996
Christin.Vasquez@oag.texas.gov


/s/ Jeffrey E. Farrell
**JEFFREY E. FARRELL**
*Of Counsel*
Texas State Bar No. 0787453
Federal Bar No. 16842
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
Jeffrey.Farrell@oag.texas.gov

**ATTORNEYS FOR TDCJ DEFENDANTS**


**CERTIFICATE OF CONFERENCE**

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I conferred with Jeff Edwards and John Keville, counsel for Plaintiffs, by telephone on this date and Defendants have been unable to reach agreement as to the "related" nature of the Cole case and the case at bar.


/ s / Christin Cobe Vasquez
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## **NOTICE OF ELECTRONIC FILING**

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Court's electronic filing system, on April 2, 2020.

*/ s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that a true and correct copy of the above and foregoing *Notice of Appearance of Counsel* has been served electronically upon all counsel of record *via* the electronic filing system of the Southern District of Texas, on April 2, 2020.

*/ s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General