**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LADDY CURTIS VALENTINE and RICHARD ELVIN KING, individually and on behalf of those similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br><br>       Defendants. | )<br>)<br>)<br>)<br>)  Case No. 4:20-cv-01115<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO**
**TRANSFER CASE TO JUDGE HOYT OR, IN THE ALTERNATIVE, PLACE**
**CASE INTO THE COURT'S RANDOM ASSIGNMENT SYSTEM**

This case—which centers on the grossly inadequate conditions of the Wallace Pack Unit that fail to protect the residents from the COVID-19 outbreak—was originally randomly assigned to Judge Hoyt, who correctly transferred it to this Court because of its extensive experience with the related case of *Cole v. Collier*, No. 4:14-cv-1698. The only issue raised by Defendants' motion is whether proper procedure was followed in the transfer. It was.

Defendants challenge this transfer because the facts of this case are not identical to those of *Cole*, but that is not the standard. While the Southern District of Texas does not define "related cases," many other courts do and they recognize the same general principle: cases are related when assigning them to different judges would waste valuable judicial resources. Here, this Court has a wealth of experience with the specific prison at issue, the inmates, and the type of constitutional claims at issue in this case. Transferring the case to this Court was both practical and correct under the Local Rules because this case is "related" to *Cole*, given the overlap and the

1

avoidance of unnecessary duplication of work—especially in the context of the emergency relief that is necessary due to the COVID-19 pandemic.  Defendants' motion should be denied.

## I.   Cases Are Related When It Serves Judicial Economy for the Same Court to Hear Them

The cornerstone of Defendants' motion is the claim that "the near-universal meaning" of related case is "a pending case that relies on substantially similar evidence or arises out of the same transaction or occurrence."  Mot. at 3–4.  That is one potential definition of "related case," but it is not the *sole* definition, much less a "universal" one.  Courts that have defined "related case" generally provide a list of definitions, none of which are exclusive.  For example, the District of Nevada considers cases related if they "involve the same parties and are based on the same or similar claim," which Defendants concede is the case here, and provides several alternative definitions.  Ex. 1, D. Nev. L.R. 42-1(a).  Those rules also contain a catch-all provision stating that cases are related if "[f]or any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges."  *Id.*  This type of catch-all definition is common across various courts because it gets to the heart of the issue—conserving judicial resources.  The local rules for the Southern District of New York include a similar provision, as do the rules of court for California state courts.  Ex. 2, S.D.N.Y L.R. 13; Ex. 3, Ca. Rules of Court, Title III, Rule 3.3(a)(4).

Defendants' narrow definition of "related cases" is simply not exclusive, nor is it binding here.  Further undercutting their claim of "near-universal meaning," the first case cited by Defendants actually no longer supports their position.  In the 1990 case of *Mahdavi v. C.I.A.*, the Ninth Circuit reviewed the transfer of a related case under the Northern District of California's Local Rules that were operative at that time.  898 F.2d 156, 1990 WL 28139, at *1 (9th Cir. 1990) (quoting the former 1990 rule as "[c]ases are related when they involve 'the same parties and are

based on the same or similar claims.'"). Those Local Rules have changed. Today, the Northern District of California defines "related cases" as those where "[t]he actions concern substantially the same parties, property, transaction *or* event" and where "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results" if the cases are before different judges. Ex. 4, N.D. Cal. L.R. 3-12. Thus, the rules regarding transfer in the Northern District have been expanded in recent years to be less stringent on how similar the parties and claims must be, and to incorporate the key concern of judicial economy.

Cases may be related in several different ways, and there is no "near-universal" definition of related case that this Court must apply. Courts generally look to the similarity between the parties or claims, and the conservation of judicial effort. Both apply here.

## II.     This Case Is Related to the *Cole* Case

This case is related to the *Cole* case because it involves the same or similar parties and similar claims, and because there would be an unnecessary duplication of labor if the case were transferred away from this Court.

This case features the same or similar plaintiffs, defendants, and legal claims as *Cole*, which is also a class action suit brought on behalf of all inmates housed at the Pack Unit. One of the named Plaintiffs, Richard Elvin King, was also a named class representative in *Cole*, and if a class is certified consisting of the entire inmate population, the plaintiffs will largely overlap.[1] Defendants in both cases are identical. And, as Defendants concede in their motion, this case involves similar legal claims as the ones originally at issue in *Cole*—violations of Plaintiffs' Eighth Amendment rights and the Americans with Disabilities Act. Mot. at 6. Defendants argue that this

---

[1] Due to the release of members of the *Cole* class as they complete their sentences, and the transfer of approximately 70 members of the *Cole* class to other prisons for medical and security reasons, as of March 25, 2020, 623 members of the *Cole* class were imprisoned at the Pack Unit.

case is not related to *Cole* because the claims are not *identical*, but the general definition used by courts does not require a related case to have the exact same claims, only similar ones. *See* Exs. 1–3. Defendants also argue that because the only pending issue in *Cole* is enforcement of the settlement, this case cannot be related. Mot. at 4–5. Defendants offer no support for this new requirement, and even their purported definition does not say that specific type of *claims* must remain pending, just that there is a "pending *case*." Mot. at 3. Such a prerequisite would be counterintuitive because a court does not need to have the same pending claims to have relevant experience with such a claim or with facts that would serve the interests of judicial economy.

This case also is related to the *Cole* case because of this Court's relevant knowledge and experience gained during that lawsuit. The appropriate relief in this case will likely turn on what is both beneficial and feasible given the physical layout and limitations of the Pack Unit. For example, the requested relief to enforce CDC guidelines regarding social distancing will necessarily need to be tailored to the specifics of the Pack Unit. This Court is intimately familiar with the Pack Unit from the *Cole* case, including having had the unique experience of actually visiting the facility. *Cole v. Collier*, No. 4-14:cv-1698, ECF No. 737 at 100. Requiring another judge to duplicate these efforts and gain this valuable background for themselves would be wasteful, an especially critical factor here, where time is of the essence. Moreover, given the stay-home, stay-safe order in effect in Harris County, not to mention the limitations on visitors in place at the Pack Unit, it would also be impractical, as other judges are not currently permitted access to the prison. Order of County Judge Lina Hidalgo, Stay Home, Work Safe (Mar. 24, 2020); Active Alerts: Visitation, Texas Department of Criminal Justice (Mar. 13, 2020), https://www.tdcj.texas.gov/alert/index.html#visitation (stating that effective March 13, 2020, "TDCJ will be temporarily suspending visitation at all our facilities (statewide) until further

notice."). Nor should they. As mentioned in Plaintiffs' Complaint (ECF No. 1) and in the Declaration of Jeremy D. Young, MD, MPH (ECF No. 12), COVID-19 is an aggressive, extremely communicable disease that requires isolation to prevent its spread. ECF No. 1 at ¶ 8; ECF No. 12 at ¶¶ 13–15. As the Court noted on the telephonic hearing on April 2, 2020, this is "a life and death matter." Days, if not hours, could make the difference. This is not the time to set aside valuable knowledge that could move this case along quicker or to introduce additional people into the Pack Unit (as any judicial inspection would require).

Defendants minimize this Court's experience by claiming that other judges in the District are generally familiar with conditions-of-confinement cases, some of which have involved the Pack Unit. Mot. at 6. Of course, neither party doubts the ability of other judges in this District to handle this (or any) case, yet nothing Defendants cite shows that these other judges would not need to duplicate this Court's work to reach the same level of familiarity with the relevant facts and issues of *this* case. For example, two of Defendants' cited cases do not concern the Pack Unit at all. *Borden v. Fort Bend County*, No. 19-cv-551, 2020 WL 1321517 (S.D. Tex. Mar. 17, 2020) (involving one Fort Bend County Jail inmate); *Watson v. Quarterman*, No. 06-cv-3260, 2008 WL 552447 (S.D. Tex. Feb. 27, 2008) (involving one inmate at the Goree Unit). The three other cases cited by Defendants involve claims by a single Pack Unit inmate, as opposed to a class action, as is the case here and in *Cole*. Furthermore, all three of these opinions concerned early dismissals on procedural legal grounds, meaning the judges did not need to learn the specifics of the Pack Unit, and certainly not to the level of understanding appreciated by this Court. *Hardin v. Tex. Dep't of Criminal Justice*, No. 18-cv-3063, 2019 WL 7037403, at *1 (S.D. Tex. Dec. 20, 2019) (involving single inmate at the Pack Unit alleging arsenic in the water supply, dismissed on Eleventh Amendment grounds); *Collins v. Herrera*, No. 18cv2940, 2019 WL 2176305 (S.D. Tex.

May 20, 2019) (same); *Johnson v. Doe*, No. 12cv2728, 2013 WL 3816727 (S.D. Tex. July 22, 2013), *aff'd*, 582 F. App'x 512 (5th Cir. 2014) (granting defendants' motion for summary judgment on single Pack Unit inmate's confinement claims).  In any event, there is no indication that any of the judges hearing these claims actually inspected the prison, as this Court did.

### III.     This Court Should Keep this Case

Defendants' motion relies on an overly narrow definition of "related case," one that is neither universal nor binding.  Courts across the country recognize that the chief concern in determining a related case is avoiding duplicative judicial work and wasting judicial resources. This Court performed extensive work on the *Cole* case, and that knowledge base is especially relevant to this suit, particularly in today's emergency circumstances.  Indeed, just during the telephonic hearing yesterday, this Court was able to discuss potential remedies, limitations, and issues the parties may have, drawing directly on specific recent experience with the Pack Unit. That experience should not go unused while lives hang in the balance.  Defendants' motion should be denied.

Dated:  April 3, 2020                                    **WINSTON & STRAWN LLP**

 

                                                   By:  /s/ John R. Keville

Jeff Edwards                                                John R. Keville
State Bar No. 24014406                                      *Attorney-in-Charge*
Scott Medlock                                               Texas State Bar No. 00794085
State Bar No. 24044783                                      S.D. Tex. ID No. 20922
Michael Singley                                             jkeville@winston.com
State Bar No. 00794642                                      Denise Scofield
David James                                                 Texas Bar No. 00784934
State Bar No. 24092572                                      S.D. Tex. ID No. 1529
Federal ID No. 2496580                                      dscofield@winston.com
**THE EDWARDS LAW FIRM**                                    Michael T. Murphy
The Haehnel Building                                        Texas Bar No. 24051098
1101 East 11th Street                                       S.D. Tex. ID No. 621098
Austin, TX 78702                                            mtmurphy@winston.com
Tel. (512) 623-7727                                         Brandon W. Duke
Fax. (512) 623-7729                                         Texas Bar No. 240994476
                                                            S.D. Tex. ID No. 2857734
                                                            bduke@winston.com
                                                            Benjamin D. Williams
                                                            Texas Bar No. 24072517
                                                            S.D. Tex. ID No. 1447500
                                                            bwilliams@winston.com
                                                            Robert L. Green
                                                            Texas Bar No. 24087625
                                                            S.D. Tex. ID No. 2535614
                                                            RLGreen@winston.com
                                                            Corinne Stone Hockman
                                                            Texas Bar No. 24102541
                                                            S.D. Tex. ID No. 3019917
                                                            CHockman@winston.com
                                                            **WINSTON & STRAWN LLP**
                                                            800 Capital Street, Suite 2400
                                                            Houston, Texas 77002
                                                            Tel. (713) 651-2600
                                                            Fax (713) 651-2700

*Counsel for Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above document has been served on April 3, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per the Local Rules.

*/s/ Brandon W. Duke*