# Exhibit 1

# LOCAL RULES OF PRACTICE



# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

# MAY 1, 2016

*Amended August 1, 2017*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF: THE LOCAL RULES OF PRACTICE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA | **GENERAL ORDER 2017-05** |

### ORDER ADOPTING AMENDMENTS TO THE LOCAL RULES OF PRACTICE

IT IS ORDERED that the Local Rules of Practice for the United States District Court for the District of Nevada effective June 1, 1995, as amended effective May 1, 1998; December 1, 2000; May 1, 2006; August 1, 2011; and May 1, 2016, are hereby further amended effective August 1, 2017 as follows:

Local Patent Rule 1-9 is amended to correct a typographical error in subsection (b) by replacing the citation to "LPR 1-6(b)" with "LPR 1-8(b)."

The Local Rules of Special Proceedings and Appeals are amended to incorporate the recommendations of the Local Rules Habeas Subcommittee.

IT IS FURTHER ORDERED that the amended rules must be furnished to the judicial council and the Administrative Office of the United States Courts and be made available to the public by posting the amended rules on the website for the United States District Court for the District of Nevada.

DATED: August 1, 2017

_____
GLORIA M. NAVARRO
CHIEF UNITED STATES DISTRICT JUDGE

**LR 42-1.     NOTICING THE COURT ON RELATED CASES; CONSOLIDATION OF CASES**

(a) Related Cases.  A party who has reason to believe that an action on file or about to be filed is related to another action on file (whether active or terminated) must file in each action and serve on all parties in each action a notice of related cases. This notice must set forth the title and case number of each possibly related action, together with a brief statement of their relationship and the reasons why assignment to a single district judge or magistrate judge is desirable.

An action may be considered to be related to another action when:

(1) Both actions involve the same parties and are based on the same or similar claim;

(2) Both actions involved the same property, transaction, or event;

(3) Both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort;

(4) Both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or

(5) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

If a notice of related cases is filed, the assigned judges will determine whether the actions will be assigned to a single district judge or magistrate judge.

(b) Consolidation of Cases.  Under Fed. R. Civ. P. 42(a), if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The court may make a determination to consolidate actions sua sponte.  A party may file a motion for consolidation as soon as it reasonably appears the actions involve common questions of law or fact and consolidation would aid in the efficient and economic disposition of an action.  A party seeking consolidation must file and serve the motion in each of the pending lawsuits the party seeks to have consolidated.  If the party seeking to consolidate actions is not a party to an action it seeks to have consolidated, it may file a motion for leave to intervene in that action for the limited purpose of seeking consolidation of actions.  The party must include the proposed motion for consolidation as an exhibit to the motion for leave to intervene.