# Exhibit 2

# Local Rules of the
# United States District Courts for the
# Southern and Eastern Districts of New York

**Effective October 29, 2018**

**with amendments to S.D.N.Y. Rule for Division of Business 19**

**<u>Adopted</u> by the Board of Judges of the
Eastern District of New York and the
Southern District of New York
<u>Approved</u> by the Judicial Council of the Second Circuit**

that judge is willing to undertake. Such cases will be drawn by lot from current lists provided to the assignment committee by the judges wishing to transfer cases under this rule. If a senior judge does not terminate any action so transferred, it shall be reassigned to the transferor judge.

**Rule 12.   Assignments to Visiting Judges**

When a visiting judge is assigned to this district, that judge shall advise the assignment committee of the number and categories of pending cases which that judge is required or willing to accept. The assignment committee shall then transfer to that judge the required number of cases in each category with the consent of the transferor judge. If the visiting judge does not terminate the action, it shall be reassigned to the transferor judge.

**Rule 13.   Related Cases**

(a)   Determination of Relatedness

(1)   General Rule.   Subject to the limitations set forth below, a civil case, bankruptcy appeal, or motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals or motions when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses. Bankruptcy appeals are deemed related if they arise from the same order or judgment of the bankruptcy court. Motions to withdraw the bankruptcy reference are deemed related if they seek withdrawal with respect to all or part(s) of the same adversary proceeding. Nothing in this Rule is intended to preclude parties from moving for consolidated proceedings under Fed. R. Civ. P. 42.

(2) Limitations on General Rule.    Notwithstanding paragraph (a)(1):

(A)    Civil cases shall not be deemed related merely because they involve common legal issues or the same parties.

(B)    Other than cases subject to Rule 4(b) and actions seeking the enforcement of a judgment or settlement in or of an earlier case, civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal).

(C) Criminal cases are not treated as related to civil cases.    Criminal cases are not treated as related to each other unless a motion is granted for a joint trial.

(D) Bankruptcy appeals and motions to withdraw the reference are not treated as related merely because they arise from the same bankruptcy proceeding.

(b)    Procedure in Regard to Cases Said to be Related

(1)    Disclosure of contention of relatedness.    When a civil case is filed or removed or a bankruptcy appeal or motion to withdraw the reference of an adversary proceeding from the bankruptcy court is filed, the person filing or removing shall disclose on form JSC44C any contention of relatedness and shall file a Related Case Statement stating clearly and succinctly the basis for the contention.    A copy of the civil cover sheet and Related Case Statement shall be served with the complaint, notice of removal, notice of appeal, or motion.    Any party may contest a claim of relatedness by any other in writing addressed to the judge having the case with the lowest docket number of all cases claimed to be related.    However, the foregoing shall not delay the assignment process or the operation of this Rule.

(2)    Assignment of cases that are designated as related.    A case, bankruptcy appeal, or motion to withdraw the bankruptcy reference that is designated as related shall be forwarded to the judge before whom the allegedly related case, appeal or motion having the lowest docket number is or was pending, who shall decide whether to accept or reject the case.    The decision of the judge with

the lowest docket number shall control unless the Assignment Committee determines otherwise, applying the standards of relatedness set forth in this Rule. The judge with the lowest docket number shall notify the Assignment Committee of his or her decision to accept or reject the case, appeal or motion and provide the Committee with the Related Case Statement and any submission in opposition to the contention that the cases are related. If the Assignment Committee does not concur with the judge's decision to accept the allegedly related case, appeal or motion, the matter shall be assigned by the Clerk by random selection.

(3) Claims of relatedness by other parties. A party other than the one filing a case, bankruptcy appeal or motion to withdraw the reference that contends its case is related to another may so advise in writing the judge assigned in its case and request a transfer of its case to the judge that the party contends has the related case with the lowest docket number. If the assigned judge believes the case is related under paragraph (a), he or she shall refer the question to the judge having the case with the lowest docket number. In the event the latter judge agrees, the case shall be transferred to that judge unless the Assignment Committee disagrees.

(c) Other Matters

(1) Motions in civil and criminal cases to consolidate, or for a joint trial, are regulated by the Federal Rules. A defendant in a criminal case may move on notice to have all of his or her sentences in this district imposed by a single judge. All such motions shall be noticed for hearing before the judge having the lowest docket number, with courtesy copies to be provided to the judge or judges having the cases with the higher docket numbers.

### COMMITTEE NOTE

This rule authorizes the transfer of later-filed cases to the judge to whom an earlier-filed related case is assigned while recognizing the difficulty of formulating a definitive and entirely objective definition of "relatedness." It seeks to strike a balance between the benefits that may be achieved by avoiding unnecessary duplication of effort, expense and burden on the Court and parties through the assignment of related matters to a single judge and the desirability of enriching the development of the

law by having a plurality of judges examine in the first instance common questions of law. This rule is designed to be sufficiently specific to enable litigants to present, and judges to determine, issues of relatedness in a consistent manner.

**Rule 14.   Transfer of Cases by Consent**

Any judge, upon written advice to the assignment committee, may transfer directly any case or any part of any case on that judge's docket to any consenting judge except where Rule 16 applies.

**Rule 15.   Transfers from Senior Judges**

A senior judge may keep as much of his or her existing docket as that judge desires and furnish the assignment committee with a list of all cases which the judge desires to have transferred. The assignment committee will distribute the cases equally by lot to each active judge.

**Rule 16.   Transfer Because of Disqualification, etc.**

If a judge is disqualified or if a judge has presided at a mistrial or former trial of the case, and requests reassignment, the assignment committee shall transfer the case by lot.

**Rule 17.   Transfer of Cases Because of a Judge's Death, Resignation, Prolonged Illness, Disability, Unavoidable Absence, or Excessive Backlog**

The assignment committee shall, in the case of death or resignation, and may, in the event of a judge's prolonged illness, disability, unavoidable absence, or the build up of an excessive backlog, transfer any case or cases pending on the docket of that judge by distributing them to any judge or visiting judge willing to accept such case and thereafter, distributing them as equally as is feasible by lot, to all remaining active judges and to such senior judges who are willing and able to undertake them.