# Exhibit 4

# UNITED STATES DISTRICT COURT

## Northern District of California

### CIVIL LOCAL RULES

## TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | TITLE; SCOPE; DEFINITIONS | 1 |
| 1-1. | Title | 1 |
| 1-2. | Scope, Purpose and Construction | 1 |
| (a) | Scope | 1 |
| (b) | Supplement to Federal Rules | 1 |
| 1-3. | Effective Date | 1 |
| 1-4. | Sanctions and Penalties for Noncompliance | 1 |
| 1-5. | Definitions | 1 |
| (a) | Clerk | 1 |
| (b) | Court | 1 |
| (c) | Day | 1 |
| (d) | Ex parte | 1 |
| (e) | File | 1 |
| (f) | Fed. R. Civ. P | 1 |
| (g) | Fed. R. Crim. P | 2 |
| (h) | Fed. R. App. P | 2 |
| (i) | Federal Rule | 2 |
| (j) | General Orders | 2 |
| (k) | General Duty Judge | 2 |
| (l) | Judge | 2 |
| (m) | Lodge | 2 |
| (n) | Meet and confer | 2 |
| (o) | Standing Orders of Individual Judges | 2 |
| (p) | Unavailability | 2 |
| 3. | COMMENCEMENT AND ASSIGNMENT OF ACTION | 3 |
| 3-1. | Regular Session | 3 |
| 3-2. | Commencement and Assignment of Action | 3 |
| (a) | Civil Cover Sheet | 3 |
| (b) | Commencement of Action | 3 |
| (c) | Assignment to a Division | 3 |
| (d) | San Francisco and Oakland | 3 |
| (e) | San Jose | 3 |
| (f) | Eureka | 3 |
| (g) | Assignment of Action to the Eureka Division | 3 |
| (h) | Transfer of Actions and Proceedings | 3 |
| 3-3. | Assignment of Action to a Judge | 4 |
| (a) | Assignment | 4 |
| (b) | Multiple Filings | 4 |
| (c) | Refiled Action | 4 |
| 3-4. | Papers Presented for Filing | 4 |
| (a) | First Page Requirements | 4 |

and deliver a copy of the complaint and motion to the Chambers of the assigned Judge for determination.

**(b)** **Content of Motion**. The motion must contain:

**(1)** A request to proceed *in forma pauperis*;

**(2)** An affidavit or declaration under penalty of perjury providing the information required by Title 28 U.S.C. § 1915, on a form available at the Office of the Clerk and on the Court's website, or an equivalent form; and

**(3)** A proposed order.

**(c)** **Determination of the Motion**. The Judge may grant the motion, grant the motion subject to partial payment of fees, costs or security, or deny the motion. If the motion is granted in part or denied, the order will state that the action is dismissed unless any outstanding fees, costs or security is paid within the time set in the order.

**Commentary**

If, during the pendency of an action, any person wishes to prosecute or defend an action *in forma pauperis,* the person must file an Administrative Motion to Proceed *in forma pauperis* pursuant to Civil L.R. 7-11.

## 3-11.   Failure to Notify of Address Change

**(a)** **Duty to Notify**. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.

**(b)** **Dismissal Due to Failure**. The Court may, without prejudice, dismiss a complaint or strike an answer when:

**(1)** Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and

**(2)** The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

## 3-12.   Related Cases

**(a)** **Definition of Related Cases**. An action is related to another when:

**(1)** The actions concern substantially the same parties, property, transaction or event; and

**(2)** It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

**(b)** **Administrative Motion to Consider Whether Cases Should be Related**. Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(e)(7).

**(c)** **Sua Sponte Judicial Referral for Purpose of Determining Relationship**. Whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the lowest-numbered case with a request that the Judge assigned to the lowest-numbered case consider whether the cases are related. The referring Judge shall file and send a copy of the referral to all parties to all affected cases. The parties must file any response in opposition to or support of relating the cases pursuant to Civil L.R. 3-12(e). Alternatively, a Judge may order the parties to file a motion pursuant to Civil L.R. 3-12(b).

**(d)** **Content of Motion**. An Administrative Motion to Consider Whether Cases Should be Related must contain:

**(1)** The title and case number of each apparently related case;

**(2)** A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a).

**(e)** **Response to Motion**. Any opposition to or support of a Motion to Consider Whether Cases Should be Related must be filed in the lowest-numbered case pursuant to Civil L.R. 7-11. The opposition or statement of support must specifically address the issues in Civil L.R. 3-12(a) and (d) and be served on all parties and lodged with the Chambers of all Judges identified in the motion. If the motion identifies more than two potentially related cases, and a party contends that not all of the cases are related, the party must address whether any of the cases are related to one another.

**(f)** **Order Granting or Denying Relationship**. Upon a motion by a party or a referral by another Judge, after the time for filing support or opposition to the Motion to Consider Whether Cases Should Be Related has passed, the Judge in this District who is assigned to the lowest-numbered case will decide if the cases are or are not related and will notify the Clerk, who, in turn, will notify the parties.

**(1)** Due to the need for parties and affected Judges to have a speedy determination of the motion or referral, the Judge assigned to the lowest-numbered case shall act on the motion or referral within 14 days after the date a response is due. If the Judge assigned to the lowest-numbered case is not available for that period, the Clerk or counsel may bring the motion or referral to the General Duty Judge.

**(2)** If the Judge assigned to the lowest-numbered case decides that the cases are not related, no change in case assignment will be made. In cases where there are more than two potentially related cases, the Clerk shall submit the order to the Judges assigned to the other cases in order of filing with a form of order to decide within 14 days if the cases are or are not related. If no Judge relates any of the remaining cases, no change in case assignment will be made.

**(3)** If any Judge decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related higher-numbered cases to that Judge and shall notify the parties and the affected Judges accordingly.

**(g)** **Effect of Order on Case Schedule**. The case management conference in any reassigned case will be rescheduled by the newly assigned Judge. The parties shall adjust the dates for the conference, disclosures and report required by Fed. R. Civ. P. 16 and 26 accordingly. Unless the assigned Judge otherwise orders, upon reassignment, any deadlines set by the ADR Local Rules remain in effect and any dates for hearing noticed motions are automatically vacated and must be renoticed by the moving party before the newly assigned Judge. For cases ordered related after the initial case management conference, unless the assigned Judge otherwise orders, any deadlines

established in the case management order shall continue to govern, except for the trial date, which will be rescheduled by the assigned Judge.

### 3-13. Notice of Pendency of Other Action or Proceeding

**(a)** **Notice**. Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.

**(b)** **Content of Notice**. A Notice of Pendency of Other Action or Proceeding must contain:

**(1)** A description of the other action;

**(2)** The title and location of the court in which the other action or proceeding is pending; and

**(3)** A brief statement of:

**(A)** The relationship of the other action to the action or proceeding pending in this district; and

**(B)** If the other action is pending in another U.S. District Court, whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action; or

**(C)** If the other action is pending before any state court, whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action.

**(c)** **Procedure After Filing**. No later than 14 days after service of a Notice of Pendency of Other Action, any party may file with the Court a statement supporting or opposing the notice. Such statement will specifically address the issues in Civil L.R. 3-13(b).

**(d)** **Order**. After the time for filing support or opposition to the Notice of Pendency of Other Actions or Proceedings has passed, the Judge assigned to the case pending in this district may make appropriate orders.

### 3-14. Disqualification of Assigned Judge

Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

**Commentary**

Recusal under 28 U.S.C. § 455 is normally undertaken by a Judge *sua sponte*. However, counsel may bring the issue to a Judge's attention by formal motion or raise it informally at a Case Management Conference or by a letter to the Judge, with a copy to the other parties in the case. This rule does not preclude a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification. See also Civil L.R. 3-15.

### 3-15. Disclosure of Non-party Interested Entities or Persons

**(a)** **Certification**. Upon making a first appearance in any proceeding in this Court, each party must file with the Clerk a "Certification of Interested Entities or Persons"