UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1115 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Opposed Motion to Transfer Case. (Doc. No. 17). Defendants request that the Court transfer the case back to Judge Kenneth Hoyt or, in the alternative, place the case back into the Court's random assignment system. After considering the Motion and all applicable law, the Court determines that Defendants' Motion to Transfer Case must be **DENIED**.

The above-captioned case was filed on March 30, 2020. (Doc. No. 1). On the civil cover sheet, Plaintiffs indicated that this case was related to *Cole v. Collier*, No. 4:14-cv-1698, a case currently pending before this Court. (Doc. No. 1-1). The above-captioned case was randomly assigned to Judge Kenneth Hoyt; by agreement of the judges, the action was transferred to this Court because of the related case. (Doc. No. 2). Defendants now argue that the above-captioned case is not related to *Cole*, so the case should not have been transferred.

The Southern District of Texas does not define "related cases" in its Local Rules. The Local Rules merely require parties to "advise the Court of related current or recent litigation" when filing a new case. S.D. Tex. L.R. 5.2. However, the Local Rules clearly recognize the relevance of alerting the Court of related litigation, and judges within the Southern District have transferred

related cases accordingly in the interest of judicial economy. *See, e.g.*, *LaBlanche v. Ahmad*, No. 4:12-cv-2495, 2012 WL 12903951, at *1 (S.D. Tex. Sept. 28, 2012) (denying motion to transfer case back to original judge because interest in judicial efficiency served when case was transferred to this Court initially, as it had decided a previous related case). Other courts, as well as both parties, agree that the practice of assigning related cases to the same judge is in furtherance of the Court's interest in judicial economy. *See, e.g.*, *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 397 (E.D. Wis. 2008); N.D. Cal. Civ. R. 3-12 (defining related cases as those where there would be "unduly burdensome duplication of labor and expense" if not heard by same judge); D. Nev. L.R. 42-1(a)(5) (providing catch-all definition for related cases for any reason that would create "substantial duplication of labor" if not heard by same judge); *see also* (Doc. No. 17, at 3–4; Doc. No. 18, at 1). The denial of a motion to transfer is reviewed for abuse of discretion. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 949–50 (5th Cir. 1997).

The examples of local rules from other districts outside of Texas cited by both parties show that different districts treat the definition of "related cases" differently. *See* (Doc. No. 17, at 3–4; Doc. No. 18, at 2–3). Most definitions weigh similar factors—similarity in claims, common issues of fact, whether the same parties are involved, and the court's interest in judicial economy. Without such a definition within the local rules of the Southern District of Texas, the Court declines to adopt a specific definition from another district. Rather, weighing the Court's interest in judicial economy and the ways in which the above-captioned case and *Cole* are both similar and different, the Court finds that the above-captioned case is similar enough in important ways to find that the two cases are related.

On its face, many facts about the above-captioned case are similar to *Cole*. Parties agree that the legal claims are the same—both cases involved conditions of confinement claims under

the Eighth Amendment and the Americans with Disabilities Act (ADA). The parties are also exceedingly similar. Defendants in both cases are the same Texas Department of Criminal Justice (TDCJ) officials, plus TDCJ itself. One of the named Plaintiffs in this case, Richard Elvin King, was also a named class representative in *Cole*. Additionally, the proposed class in the present case would have a large overlap with the settlement class in *Cole*, as they both draw from the inmates currently housed at the Pack Unit.

The acts and omissions referred to in the Complaint generally post-date the acts and omissions referred to in *Cole*. Yet, *Cole* continues to be active to this day.[1] This Court recently has had to convene the parties in *Cole* more than once to consider the *Cole* Defendants' failure to abide by the terms of the *Cole* settlement. Additionally, even if the events in question here post-date those in the *Cole* case, the main issues in both cases are similar. Both cases involve class action arguments concerning the care that TDCJ is required to provide to inmates at the Pack Unit, a population that is overwhelmingly aging and infirm, in the face of extreme conditions. Given this overarching similarity in the two cases, knowledge that this Court has gained over the course of four years of active litigation and two years of settlement enforcement will serve the Court's interest in judicial economy. Defendants are correct in stating that the transferring of related cases is not intended to foster judicial specialization; indeed, the Court does not wish to become a "special master" for all conditions of confinement claims arising out of the Pack Unit. Additionally, Defendants are correct in stating that other judges have presided over cases involving individual

---

[1] Defendants argue that, because *Cole* was settled and thus, is no longer pending, the Court cannot take on a case that is related to *Cole*. However, the Court finds no authority that bars judges from taking on cases related to prior cases that are closed or no longer pending. Additionally, Defendants' argument that enforcement of a settlement agreement does not turn on the Eighth Amendment or the ADA is equally unavailing, as it overlooks the underlying claims that were argued for four years before this Court before the settlement agreement was approved.

inmates housed in the Pack Unit. However, there is clear value in transferring multiple complex prison-related cases before the same judge. For example, at the beginning of the *Cole* litigation, the *Cole* Defendants agreed that other pending litigation involving other TDCJ prisons should be consolidated before this Court. *See, e.g.*, Order to Sever, *McCollum v. Livingston*, No. 14-cv-3253 (N.D. Tex. Nov. 10, 2014), ECF No. 215; Order Granting Joint Motion to Transfer Venue, *Webb v. Livingston*, No. 14-cv-3302 (E.D. Tex. Nov. 17, 2014), ECF No. 197; Order Granting Joint Motion to Transfer Venue, *Hinojosa v. Livingston*, No. 14-cv-3311 (S.D. Tex. Nov. 18, 2014), ECF 92; Order Granting Joint Motion to Transfer Venue, *Togonidze v. Livingston*, No. 14-cv-3324 (E.D. Tex. Nov. 17, 2014), ECF No. 63; Order Granting Joint Motion to Transfer Venue, *Adams v. Livingston*, No. 14-cv-3326 (E.D. Tex. Nov. 17, 2014), ECF No. 85. Thus, the *Cole* Defendants understood the need for one judge to handle these related cases.

The knowledge that the Court has gained from presiding over the *Cole* class action for almost six years is complex and specialized, and especially relevant in this case in particular:

- The Court is familiar with the medical conditions that many of the inmates at Pack Unit have, and the vulnerabilities that come with those conditions.
- The Court is familiar with the living arrangements, eating arrangements, medical services, respite areas, and other aspects of the Pack Unit. Given that relief sought in the present case involves the movement and housing of inmates within the Pack Unit, this Court's familiarity and personal knowledge of the physical layout and daily operations of the Pack Unit will allow the present case to proceed expeditiously and help ensure that relief is both effective and not unnecessarily burdensome for all parties.
- The Court has visited the Pack Unit in person. In light of the current circumstances, no one is able to make a similar visit in the foreseeable future. *Active Alerts: Visitation*, Tex. Dept.

Crim. Just. (Mar. 13, 2020), https://www.tdcj.texas.gov/alert/index.html#visitation. Although Defendants argue that other judges are equally capable of reading maps and floor plans, (Doc. No. 19, at 4), the *Cole* litigation and the ensuing settlement enforcement proceedings have shown this Court just how important seeing conditions in person can be in assessing the effectiveness of and potential compliance with ordered relief. *See, e.g.*, *Cole v. Collier*, No. 4:14-cv-1698, 2019 WL 6733002, at *2 (S.D. Tex. Dec. 11, 2019) (noting class counsel's discovery, upon physical inspection, that thermostats in the LeBlanc Unit were mounted inside air conditioning components, making them nearly impossible to monitor).

- The Court remains actively involved in enforcing TDCJ's compliance with the terms and conditions of the settlement agreement in *Cole*. The substantive relief ordered in *Cole* significantly overlaps with the substantive relief sought in this case. For example, if Pack Unit inmates are to be moved to other units for treatment of the COVID-19 virus, those inmates will still be entitled to the terms and conditions of the *Cole* settlement. As COVID-19 infections inevitably spread through TDCJ's prison population and as April 15th, the date on which TDCJ's obligations regarding air conditioning for the *Cole* class members begin each year, quickly approaches, potential relief in this case will likely become intermingled with TDCJ's obligations under the *Cole* settlement and could potentially complicate TDCJ's ability to properly abide by all court-imposed obligations. The Court's knowledge of TDCJ's obligations under the *Cole* settlement further enhance the judicial economy of keeping the present case before this Court.

Reasonable people could disagree about how much time it would take another judge to access and absorb the voluminous information that was developed in the nearly six years that this

Court has devoted to the *Cole* case and related cases. But, in the midst of a pandemic, when hundreds are dying each day, there is not time for even a short delay, if it can be avoided.

Because the present case is similar to *Cole* in terms of parties, facilities, claims, potential class members, and potential relief, and because the Court's previous experience with the *Cole* case furthers judicial economy in adjudicating this case, the Court finds that the above-captioned case is related to *Cole v. Collier*, 4:14-cv-1698. The Court therefore **DENIES** Defendant's Motion to Transfer Case.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 6th day of April, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE