UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LADDY CURTIS VALENTINE and RICHARD ELVIN KING, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br><br>Defendants. | Case No. 4:20-cv-01115 |

## TEMPORARY RESTRAINING ORDER

This matter came for hearing before the Court on April 16, 2020, upon the Application of Plaintiffs Laddy Curtis Valentine and Richard Elvin King, individually and on behalf of those similarly situated, for a temporary restraining order and other injunctive relief. After consideration of the Class Action Complaint, the attached evidence, the testimony and evidence at the April 16, 2020 hearing, and any arguments of counsel, the court finds that Plaintiffs are substantially likely to succeed on the merits of the underlying litigation; that, in the absence of a temporary restraining order, Plaintiffs will suffer immediate irreparable injury for which there is no adequate remedy at law, in that they will face a high risk of serious illness or death from exposure to Coronavirus Disease 2019 or COVID-19; that the issuance of a temporary restraining order will not inflict greater or undue injury upon those restrained or third parties; and the issuance of a temporary restraining order will serve the public interest and maintain the status quo. The Court further finds the relief below is narrowly drawn, is consistent with CDC guidelines, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive

means necessary to correct the harm the Court finds requires preliminary relief. The court has given substantial weight to any adverse impact on public safety and the operation of the criminal justice system caused by the preliminary relief and shall respect the principles of comity in tailoring this preliminary relief. *See* 18 U.S.C. § 3626(a)(2).

Plaintiffs' Application for a Temporary Restraining Order is therefore GRANTED, and it is ORDERED, pursuant to Federal Rule of Civil Procedure 65, that all Defendants, their agents, representatives, and all persons or entities acting in concert with them are enjoined as follows:

- Provide Plaintiffs and the class members with unrestricted access to hand soap and disposable hand towels to facilitate handwashing;

- Provide Plaintiffs and the class members with access to hand sanitizer that contains at least 60% alcohol in the housing areas, cafeteria, clinic, commissary line, pill line, and laundry exchange;

- Provide Plaintiffs and the class members with access to tissues, or if tissues are not available, additional toilet paper above their normal allotment;

- Provide cleaning supplies for each housing area, including bleach-based cleaning agents and CDC-recommended disinfectants in sufficient quantities to facilitate frequent cleaning, including in quantities sufficient for each inmate to clean and disinfect the floor and all surfaces of his own housing cubicle, and provide new gloves and masks for each inmate during each time they are cleaning or performing janitorial services;

- Provide all inmates and staff members with masks. If TDCJ chooses to provide inmates with cotton masks, such masks must be laundered regularly.

- Require common surfaces in housing areas to be cleaned every thirty minutes from 7 a.m. to 10 p.m. with bleach-based cleaning agents, including table tops, telephones, door handles, and restroom fixtures;
    - Such cleanings shall be logged and recorded with the location cleaned, the time, and the initials of the individual responsible for cleaning. These logs shall be maintained by TDCJ for a period of 30 days and provided to the Court and Plaintiffs on a weekly basis.
- Require common surfaces in showers and the dining hall to be cleaned after each use with bleach-based cleaning agents between each use, including wiping down tables in the dining hall and fixtures in the showers;
    - Such cleanings shall be logged and recorded with the location cleaned, the time, and the initials of the individual responsible for cleaning. These logs shall be maintained by TDCJ for a period of 30 days and provided to the Court and Plaintiffs on a weekly basis.
- Increase regular cleaning and disinfecting of all common areas and surfaces, including common-use items such as television controls, books, and gym and sports equipment;
- Institute a prohibition on new prisoners entering the Pack Unit for the duration of the pandemic (or in the alternative, test all new prisoners entering the Pack Unit for COVID-19 or place all new prisoners in quarantine for 14 days if no COVID-19 tests are available);
- Limit transportation of Pack Unit inmates out of the prison to transportation involving immediately necessary medical appointments and release from custody;

- For transportation necessary for prisoners to receive medical treatment or be released, CDC-recommended social distancing requirements should be strictly enforced in TDCJ buses and vans;

- Implement and enforce strict social-distancing measures requiring at least six feet of distance between all individuals in all locations where inmates are required to congregate including, but not limited to, the cafeteria line, in the chow hall, in all recreation rooms, during required counting, in the commissary line, at the laundry exchange, during showers (for inmates who leave their dormitory to shower), and in the pill line;

- To the extent possible, use common areas like the gymnasium, library, law library, and class rooms as temporary housing for inmates without disabilities to increase opportunities for social distancing; and

- Post signage and information in common areas that provides: (i) general updates and information about the COVID-19 pandemic, including, but not limited to, the CDC's "Stop the Spread of Germs" poster already in TDCJ's possession; (ii) the CDC's recommendations on "How To Protect Yourself" from contracting COVID-19; and (iii) instructions on how to properly wash hands. Among other locations, all signage must be posted in every housing area, and (iii) must be posted above every sink.

- Educate inmates on the COVID-19 pandemic by providing information about the COVID-19 pandemic, COVID-19 symptoms, COVID-19 transmission, and how to protect oneself from COVID-19. Inmates should be provided physical handouts containing COVID-19 educational information, such as the CDC's "Share Facts

About COVID-19" fact sheet already in TDCJ's possession. A TDCJ staff person should read the CDC's "Share Facts About COVID-19" aloud in each dormitory at least once per day.

- TDCJ must, within three (3) days, provide the Plaintiffs and the Court with a detailed plan to test all Pack Unit inmates for COVID-19, prioritizing those who are members of Dorm A and of vulnerable populations that are the most at-risk for serious illness or death from exposure to COVID-19. For any inmates who test positive, TDCJ shall provide a plan to quarantine them while minimizing their exposure to inmates who test negative. TDCJ must also provide a plan for testing all staff who will continue to enter the Pack Unit, and for any staff that test positive provide a plan for minimizing inmates exposure to staff who have tested positive.

- TDCJ must orally inform all inmates daily that co-pays for medical treatment are suspended for the duration of the pandemic, and encourage all inmates to seek treatment if they are feeling ill.

- Within seven (7) days, TDCJ must provide Plaintiffs' counsel the following information:
  - The name and TDCJ number of every inmate presently residing at the Pack Unit;
  - The name and TDCJ number of every inmate presently residing at the Pack Unit who has been approved for release on parole, but must first complete any pre-parole programming, separately identifying what programs the inmate is required to complete;

- o The name and TDCJ number of every inmate presently residing at the Pack Unit who is both eligible for parole, and within one year of the end of their sentence;
- o The name and TDCJ number of every inmate who resided in the same housing area as Leonard Clerkly in the past 30 days;
- o All records regarding Leonard Clerkly, including his medical records, any records showing his housing history, and any records showing what job assignments has had in the past 30 days;
- o The name and relevant diagnosis of every inmate who meets one or more of the following criteria:
    - Over age 65;
    - Have asthma;
    - Have any other lung disease;
    - Have any heart condition;
    - Have undergone cancer treatment;
    - Have had bone marrow or organ transplants;
    - Have HIV or AIDS;
    - Have been prescribed prolonged courses of corticosteroid treatments;
    - Have a body mass index of 40 or higher;
    - Have diabetes;
    - Have chronic kidney disease;
    - Have chronic liver disease.

It is further ORDERED that the clerk issue notice to Defendants that the hearing on Plaintiffs' application for Preliminary Injunction is set for the ____ day of _____, 2020 at _____ a.m./p.m. The purpose of the hearing shall be to determine whether the temporary restraining order should be made a preliminary injunction pending full trial on the merits. This order shall expire shall expire upon the completion of hearing on Plaintiffs' application for Preliminary Injunction.

IT IS SO ORDERED.

SIGNED this ____ day of April 2020, at _____ o'clock ___.m.

_____
JUDGE PRESIDING