United States District Court
Southern District of Texas

**ENTERED**

April 16, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1115 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**<u>PRELIMINARY INJUNCTION ORDER</u>**

This matter came for hearing before the Court on April 16, 2020, upon the Application of Plaintiffs Laddy Curtis Valentine and Richard Elvin King, individually and on behalf of those similarly situated, for injunctive relief. At the hearing, the Court heard testimony from Plaintiffs' witnesses and argument from counsel for both parties. The Court notes that the Defendants chose to present no live testimony to controvert Plaintiffs' evidence. After consideration of the Class Action Complaint, the attached evidence, the testimony and evidence at the April 16, 2020 hearing, and any arguments of counsel, the Court finds that Plaintiffs are substantially likely to succeed on the merits of the underlying litigation; that, in the absence of a preliminary injunction, Plaintiffs will suffer immediate irreparable injury for which there is no adequate remedy at law, in that they will face a high risk of serious illness or death from exposure to COVID-19; that the issuance of a preliminary injunction will not inflict greater or undue injury upon those restrained or third parties; and the issuance of a preliminary injunction order will serve the public interest and maintain the status quo. The Court further finds the relief below is narrowly drawn, is consistent with Center for Disease Control (CDC) guidelines, extends no further than necessary to correct the harm the Court finds requires preliminary relief, and is the least intrusive means necessary to correct the

harm the Court finds requires preliminary relief. The Court has given substantial weight to any adverse impact on public safety and the operation of the criminal justice system caused by the preliminary relief and shall respect the principles of comity in tailoring this preliminary relief. *See* 18 U.S.C. § 3626(a)(2).

Plaintiffs' Application for a Temporary Restraining Order is therefore **GRANTED** as a preliminary injunction, and it is **ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that all Defendants, their agents, representatives, and all persons or entities acting in concert with them are enjoined as follows:

- Provide Plaintiffs and the class members with unrestricted access to hand soap and disposable hand towels to facilitate handwashing.

- Provide Plaintiffs and the class members with access to hand sanitizer that contains at least 60% alcohol in the housing areas, cafeteria, clinic, commissary line, pill line, and laundry exchange.

- Provide Plaintiffs and the class members with access to tissues, or if tissues are not available, additional toilet paper above their normal allotment.

- Provide cleaning supplies for each housing area, including bleach-based cleaning agents and CDC-recommended disinfectants in sufficient quantities to facilitate frequent cleaning, including in quantities sufficient for each inmate to clean and disinfect the floor and all surfaces of his own housing cubicle, and provide new gloves and masks for each inmate during each time they are cleaning or performing janitorial services.

- Provide all inmates and staff members with masks. If TDCJ chooses to provide inmates with cotton masks, such masks must be laundered regularly.

- Require common surfaces in housing areas, bathrooms, and the dining hall to be cleaned every thirty minutes from 7 a.m. to 10 p.m. with bleach-based cleaning agents, including table tops, telephones, door handles, and restroom fixtures.

- Increase regular cleaning and disinfecting of all common areas and surfaces, including common-use items such as television controls, books, and gym and sports equipment.

- Institute a prohibition on new prisoners entering the Pack Unit for the duration of the pandemic. In the alternative, test all new prisoners entering the Pack Unit for COVID-19 or place all new prisoners in quarantine for 14 days if no COVID-19 tests are available.

- Limit transportation of Pack Unit inmates out of the prison to transportation involving immediately necessary medical appointments and release from custody.

- For transportation necessary for prisoners to receive medical treatment or be released, CDC-recommended social distancing requirements should be strictly enforced in TDCJ buses and vans.

- Post signage and information in common areas that provides: (i) general updates and information about the COVID-19 pandemic; (ii) information on how inmates can protect themselves from contracting COVID-19; and (iii) instructions on how to properly wash hands. Among other locations, all signage must be posted in every housing area and above every sink.

- Educate inmates on the COVID-19 pandemic by providing information about the COVID-19 pandemic, COVID-19 symptoms, COVID-19 transmission, and how to protect oneself from COVID-19. A TDCJ staff person must give an oral presentation or show an educational video with the above-listed information to all inmates, and give all inmates an opportunity to ask questions. Inmates should be provided physical handouts containing

COVID-19 educational information, such as the CDC's "Share Facts About COVID-19" fact sheet already in TDCJ's possession.

- TDCJ must also orally inform all inmates that co-pays for medical treatment are suspended for the duration of the pandemic, and encourage all inmates to seek treatment if they are feeling ill.

- TDCJ must, within three (3) days, provide the Plaintiffs and the Court with a detailed plan to test all Pack Unit inmates for COVID-19, prioritizing those who are members of Dorm A and of vulnerable populations that are the most at-risk for serious illness or death from exposure to COVID-19. For any inmates who test positive, TDCJ shall provide a plan to quarantine them while minimizing their exposure to inmates who test negative. TDCJ must also provide a plan for testing all staff who will continue to enter the Pack Unit, and for any staff that test positive, provide a plan for minimizing inmates' exposure to staff who have tested positive.

The Defendants have not sought a bond and the Court finds and holds that no security need be posted. *See* Fed. R. Civ. P. 65(c); *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("In holding that the amount of security required pursuant to Rule 65(c) is a matter for the discretion of the trial court, we have ruled that the court may elect to require no security at all." (internal quotation marks omitted)); *see also A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015) (holding that, under Rule 65(c), a court may elect to require no security at all as the amount it considers to be proper).

The Court will issue a memorandum and order setting forth the grounds for this preliminary injunction.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 16th day of April, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE