UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE and | § | |
| RICHARD ELVIN KING, individually and | § | |
| on behalf of those similarly situated, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01115 |
| | § | |
| BRYAN COLLIER, in his official capacity, | § | |
| ROBERT HERRERA, in his official capacity, | § | |
| And TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
| Defendants. | § | |

**DEFENDANTS' EMERGENCY MOTION TO STAY PENDING APPEAL**

TO THE HONORABLE KEITH P. ELLISON:

By its Order dated April 16, 2020 (D.E. 40), this Court entered a preliminary injunction directing Defendants to take certain actions concerning COVID-19 and the Wallace Pack Unit. Defendants have filed a notice of appeal to the Fifth Circuit from this order. Pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)(1)(A), (C), defendants move the Court to stay its Order pending appeal and **respectfully request a ruling on this emergency motion to stay by April 17, 2020 at 2:00 p.m**.

**STANDARD**

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction." Courts "consider four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013).

## ARGUMENT

A stay is justified because Defendants are likely to succeed on the merits of their appeal for the reasons stated in their response to Plaintiffs' request for a TRO. D.E. 36. In short, Plaintiffs are not entitled to any relief because they failed to exhaust their administrative remedies as required by the PLRA. "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam). Plaintiffs' claims under the Eighth Amendment, the Americans With Disabilities Act, and the Rehabilitation Act are meritless in any event. Defendants have not been deliberately indifferent to the risks posed by the COVID-19 pandemic, and they have not discriminated against Plaintiffs based on a disability.

A stay is also justified because the Order threatens irreparable injury to the State. The Order thwarts the State's fundamental prerogative, and Defendants' basic duty as state officials, to maximize both safety and security in Texas prisons. A State suffers an "institutional injury" from the "inversion of . . . federalism principles." *Texas v. United States Envt'l Protection Agency*, 829 F.3d 405, 434 (5th Cir. 2016); *see Moore v. Tangipahoa Par. Sch. Bd.*, 507 F. App'x 389, 399 (5th Cir. 2013) (per curiam) (finding that a State suffers irreparable harm when an injunction "would frustrate the State's program"); *see also Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) (recognizing that "the inability to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State"). "[I]t is 'difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons.'" *Woodford v. Ngo*, 548 U.S. 81, 94 (2006) (quoting *Preiser v.*

*Rodriguez*, 411 U.S. 475, 491-92 (1973)). The Order not only overrides that interest, it prevents Defendants from shifting resources and undertaking new measures in response to a constantly evolving public health crisis because their response is now dictated by a preliminary injunction backed by the threat of contempt.

On other hand, a stay pending appeal will not threaten Plaintiffs with irreparable harm because it maintains the status quo, and Plaintiffs have alleged only a speculative threat of harm. A preliminary injunction requires a showing of "irreparable harm." The threat of harm must be likely, not merely speculative. *See, e.g.*, *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (instructing that the lower court's "'possibility' standard is too lenient," as "[o]ur frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction"); 11A Wright & Miller, *Federal Practice & Procedure* § 2948.1. And the threatened harm must be "imminent." *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975); *accord, e.g.*, *Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011) (same). Here, the Defendants are already taking significant action to prevent to the spread of COVID-19 in the Pack Unit. Any additional benefit to Plaintiffs from the relief ordered by this Court is speculative.

The threat of irreparable harm to the State absent a stay means that the public interest favors a stay. "Because the State is the appealing party, its interest and harm merge with that of the public." *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) (citing *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)).

## CONCLUSION

The Court should stay its Order pending appeal.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
Texas State Bar No. 24074047
Federal Bar No. 1125898
christin.vasquez@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O Box 12548, Capitol Station
Austin, Texas 78711
(512)463-2080 / (512) 370-9996 (fax)

4

## NOTICE OF ELECTRONIC FILING

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Court's electronic filing system, on April 17, 2020.

> */ s/ Christin Cobe Vasquez*
> **CHRISTIN COBE VASQUEZ**
> Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have conferred with opposing counsel via email on April 17, 2020, regarding the subject of this motion and counsel is opposed to the relief requested.

> */ s/ Christin Cobe Vasquez*
> **CHRISTIN COBE VASQUEZ**
> Assistant Attorney General

## CERTIFICATE OF SERVICE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing **Defendants' Emergency Motion to Stay Pending Appeal** has been served electronically upon all counsel of record *via* the electronic filing system of the Southern District of Texas, on April 17, 2020.

> */ s/ Christin Cobe Vasquez*
> **CHRISTIN COBE VASQUEZ**
> Assistant Attorney General