UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LADDY CURTIS VALENTINE and RICHARD ELVIN KING, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE.<br><br>Defendants. | Case No. 4:20-cv-01115<br><br>Hon. Keith P Ellison |

**PLAINTIFFS' REPLY REGARDING
THE PLRA'S EXHUSTATION REQUIREMENT**

Defendants submitted their response in opposition to Plaintiffs' request for a temporary restraining order. ECF No. 36. Defendants' response raises several arguments for why relief should not be granted, including that Plaintiffs cannot show a likelihood of success on the merits and that there is no imminent danger of irreparable harm to Plaintiffs, despite the recent death of an inmate due to COVID-19 related complications, and yesterday's revelation that a second elderly prisoner has now tested positive for the virus.[1] Plaintiffs addressed these factual arguments during the telephonic hearing on April 16, 2020, but submit this reply to briefly address Defendants' argument that the Court cannot issue preliminary injunctive relief because Plaintiffs did not first exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

---

[1] Kathleen Witte, "Grimes County confirms another COVID-19 case at Pack Unit," KBTX-TV (Apr. 16, 2020) https://www.kbtx.com/content/news/Grimes-County-confirms-first-COVID-related-death-an-inmate-at-the-Pack-Unit-569711711.html.

1

**I.      Plaintiffs Do Not Have to Exhaust Remedies that Are Not Actually Available**

The PLRA only requires prisoners to exhaust remedies that are "available" to them. 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted.") (emphasis added). The Supreme Court explained that this is a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016). A remedy is only "available" if an inmate can use it to "obtain some relief for the action complained of." *Id.* at 1858–59. The action complained of here is TDCJ's policies and procedures that put the Plaintiffs and the putative class at substantial and excessive risk of grave illness and even death from COVID-19, which has already claimed the life of one putative class member, and has now infected at least one more. ECF No. 1, *passim*. TDCJ has no administrative avenue for remedying this harm.

**II.     No Administrative Remedies Are Available to Plaintiffs**

As Defendants admit, they do not have to even *respond* to Plaintiffs' grievances until mid-May, and can even ask for a further extension. ECF No. 36 at 7. And even if TDCJ deigns to respond in mid-May, instead of get an extension, the Plaintiffs' purported remedies are still not exhausted. That would only complete "Step 1," while to exhaust the TDCJ grievance system inmates must also complete "Step 2," which will not be concluded (at the earliest) until late June. *See Rosa v. Littles*, 336 Fed. Appx. 424, 428 (5th Cir. 2009) (describing TDCJ's grievance process). A supposed "remedy" in late-June—or, likely much later, if ever—is no remedy at all given the risk of illness and death to Plaintiffs. As the Seventh Circuit held, "administrative remedies that offer no possible relief in time to prevent the imminent danger from becoming an

actual harm can't be thought available." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010). In *Fletcher*, the court gave the hypothetical of an inmate alleging he would be murdered within 24 hours with the prison failing to take the threat seriously. *Id.* If the grievance procedure allowed two weeks to respond, then the procedure could never provide relief. *Id.*

The imminent and grave risk of harm to Plaintiffs and the class was made clear with the recent death of an inmate at the Pack Unit due to COVID-19 related illness, and the new revelation that a second elderly person has become infected.[2] No remedy was available to those inmates and none is available to Plaintiffs. To illustrate, even if the now-deceased Mr. Clerkly had filed a grievance with TDCJ on March 3, 2020—almost three weeks before Harris County issued its stay home order[3]—he still would have died before TDCJ even responded to Step 1. If the second infected inmate had filed his Step 1 grievance at the same time, at best he would have received a Step 1 response (assuming TDCJ did not grant itself an extension to respond), with no possibility that any remedy would be available before he became infected. Because TDCJ has no remedy to correct this harm before it is too late, Plaintiffs seek it from this Court. The Court should find, as a factual matter, that no remedy is available to the Plaintiffs. *See*, *e.g.*, *Rosa*, 336 Fed. Appx. 424. The PLRA does not bar Plaintiffs' request if the Court finds no remedy was available.

\*   \*   \*

For these reasons, the PLRA's exhaustion requirement does not preclude Plaintiffs' action or any preliminary relief that the Court may grant.

---

[2] https://www.tdcj.texas.gov/covid-19/index2.html (April 14, 2020 update).
[3] https://www.houstonchronicle.com/news/houston-texas/houston/article/harris-county-shelter-in-place-stay-at-home-order-15153071.php.s

Dated: April 17, 2020                               Respectfully Submitted,

                                                                    **WINSTON & STRAWN LLP**

                                                                    By:   /s/ John R. Keville

Jeff Edwards                                     John R. Keville
State Bar No. 24014406                *Attorney-in-Charge*
Scott Medlock                                  Texas State Bar No. 00794085
State Bar No. 24044783                S.D. Tex. ID No. 20922
Michael Singley                              jkeville@winston.com
State Bar No. 00794642                Denise Scofield
David James                                      Texas Bar No. 00784934
State Bar No. 24092572                S.D. Tex. ID No. 1529
Federal ID No. 2496580                dscofield@winston.com
**THE EDWARDS LAW FIRM**      Michael T. Murphy
The Haehnel Building                   Texas Bar No.
1101 East 11th Street                   S.D. Tex. ID No.
Austin, TX 78702                           MTMurphy@winston.com
Tel. (512) 623-7727                     Brandon W. Duke
Fax. (512) 623-7729                    Texas Bar No. 240994476
                                                                    S.D. Tex. ID No. 2857734
                                                                    bduke@winston.com
                                                                    Benjamin D. Williams
                                                                    Texas Bar No. 24072517
                                                                    S.D. Tex. ID No. 1447500
                                                                    bwilliams@winston.com
                                                                    Robert L. Green
                                                                    Texas Bar No. 24087625
                                                                    S.D. Tex. ID No. 2535614
                                                                    RLGreen@winston.com
                                                                    Corinne Stone Hockman
                                                                    Texas Bar No. 24102541
                                                                    S.D. Tex. ID No. 3019917
                                                                    CHockman@winston.com
                                                                    **WINSTON & STRAWN LLP**
                                                                    800 Capital Street, Suite 2400
                                                                    Houston, Texas 77002
                                                                    Tel. (713) 651-2600
                                                                    Fax (713) 651-2700

                                                                    ***Counsel for Plaintiffs***

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above document has been served on April 17, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per the Local Rules.

      */s/ Brandon W. Duke*