**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE and | § | |
| RICHARD ELVIN KING, individually and | § | |
| on behalf of those similarly situated, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01115 |
| | § | |
| BRYAN COLLIER, in his official capacity, | § | |
| ROBERT HERRERA, in his official capacity, | § | |
| And TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO
IDENTIFY SECOND COVID-19 CASE AT THE PACK UNIT**

Defendants Bryan Collier ("Collier"), Robert Herrera ("Herrera"), and the Texas

Department of Criminal Justice ("TDCJ") (collectively, "Defendants"), submit this Response to

Plaintiffs' Emergency Motion to Identify the Second COVID-19 Case at the Pack Unit, and in

support respectfully show:

**I.    INTRODUCTION**

On April 16, 2020, a second offender housed at the Pack Unit was diagnosed with COVID-

19. That offender is not a party to this lawsuit. Plaintiffs nevertheless seek an order compelling

Defendants to reveal the offender's identity so that Plaintiffs may "investigate what contact tracing

(if any) has been performed after his positive test, as well as generally information about what

steps TDCJ was taking to protect him and other inmates who shared his dormitory." ECF No. 58

at 2. Plaintiffs further request an order compelling Defendants to "provide Plaintiffs' counsel the

name and identification number of all future patients confirmed to have COVID-19 within 48

hours of diagnosis." *Id.* at 4.

Plaintiffs' motion amounts to a request for further preliminary injunctive relief. That request should be denied for two reasons. First, to the extent Plaintiffs purport to seek an order compelling production of information sought in discovery, the Court has no authority to grant relief because discovery has not begun, and Plaintiffs have not served any discovery requests. Defendants' failure to respond to nonexistent discovery requests cannot support a motion to compel under Federal Rule of Civil Procedure 37. Second, even if Plaintiffs' had properly served a discovery request, their attempt to secure medical information about non-parties could not be justified here because Plaintiffs are not likely to succeed on the merits of their Eighth Amendment claim.

## II.   ARGUMENT AND AUTHORITY

### A.   PLAINTIFFS ARE NOT ENTITLED TO AN ORDER COMPELLING DISCLOSURE OF DISCOVERY MATERIALS BECAUSE DISCOVERY HAS NOT BEGUN.

Plaintiffs seek to bypass the federal discovery rules.  They seek an order compelling Defendants to disclose information before the commencement of discovery, before the information has been formally requested, and  before offering Defendants an opportunity to object and assert privileges. ECF No. 58 at 1-4. This Court has no authority to grant Plaintiffs such relief. Plaintiffs' motion to compel is improper under the Federal Rules of Civil Procedure.

Plaintiffs are not entitled to conduct discovery because discovery has not commenced. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).  The instant case does not fall within a category that exempts Rule 26(f) conferences.  Fed. R. Civ. P.  26(a)(1)(B), 26(d)(1).  Discovery is not open, as the parties have not conducted the requisite Rule 26(f) conference.

Even if discovery had begun, Plaintiffs could not file a motion to compel without first serving discovery on Defendants. Defendants presume that Plaintiffs seek relief under Rule 37, which allows a party to "move for an order compelling disclosure or discovery" of information related to a federal lawsuit.  Fed. R. Civ. P.  37(a). But the Court has no authority to compel the requested discovery when Plaintiffs have not served a proper discovery request:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Rule 37. It is axiomatic that a court may not compel the production of documents [or answers to interrogatories] under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party."

*Harrison v. Wells Fargo Bank, N.A.,* 2016 WL 1392332 at 6 (N.D. Tex. Apr. 8, 2016) (citing *Texas Democratic Party v. Dallas Cty.*, 2010 WL 5141352 at 1 (N.D. Tex. Dec. 9, 2010)). As in *Harrison*, Plaintiffs' motion to compel does not identify a specific formal discovery request at issue or discuss how Defendants' responses and document productions are deficient. ECF No. 58 at 1-4; *see* also *Harrison,* 2016 WL 1392332 at 6.  As in *Harrison*, Plaintiffs' counsel's "email communications with Defendants' counsel in the day before filing the MTC did not do so either." *See* ECF No. 58*,* Exhibit 3 at 1-2.  Defendants should be given the opportunity to object and respond to formal discovery requests relating to this information. This Court has no authority to issue an order compelling disclosure or discovery of information pursuant to Rule 37 because discovery has yet to open, and Plaintiffs have not served any discovery requests upon Defendants. Fed. R. Civ. P.  37(a).

And to the extent Plaintiffs demand information about contact tracing, that request is not reasonably calculated to lead to the discovery of admissible evidence. Contact tracing is not recommended by the CDC's guidelines for correctional facilities, and Plaintiffs provide no authority for the proposition that the Eighth Amendment obligates Defendants to implement

measures beyond TDCJ's existing protocols and the CDC guidelines. *Valentine v. Collier*, ___ F.3d ___, 2020 WL 1934431 (5th Cir. April 22, 2020). The existence or non-existence of contact tracing by Defendants is not relevant to Plaintiffs' Eighth Amendment claim because the absence of contact tracing does not tend to prove deliberate indifference.

### B. PLAINTIFFS ARE NOT ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF BECAUSE THEY ARE NOT LIKELY TO SUCCEED ON THE MERITS.

In addition to the identity of the inmate diagnosed with COVID-19, Plaintiffs seek an injunction requiring Defendants to provide Plaintiffs' counsel with the name and identification number of all inmates who test positive for COVID-19 in the future within 48 hours of diagnosis. Even if that private and confidential medical information about non-parties were otherwise discoverable and not protected by statute,[1] Plaintiffs would not be entitled to a preliminary injunction because they are not likely to succeed on the merits of their claims. Plaintiffs therefore cannot justify their extraordinary request for injunctive relief.

The Fifth Circuit has determined that Plaintiffs are not likely to succeed on the merits for two reasons. *Valentine v. Collier*, ___ F.3d ___, 2020 WL 1934431 (5th Cir. April 22, 2020). First, Defendants are likely to prevail on their affirmative defense that Plaintiffs failed to exhaust administrative remedies under the PLRA. Accordingly, this suit is premature. *Id.*; *see* also *Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010) (holding the judge should resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits.).

Second, the Fifth Circuit held that Plaintiffs are not likely to succeed on their Eighth Amendment claim because they cannot prove that Defendants have shown deliberate indifference

---

[1] *See* Health Insurance Portability and Accountability Act of 1996, 1996 Enacted H.R. 3103, 104 Enacted H.R. 3103, 110 Stat. 1936, 104 P.L. 191, 1996 Enacted H.R. 3103, 104 Enacted H.R. 3103 (HIPAA) (HIPAA protects a person's protected health information from unauthorized disclosure.

to the risk of harm from COVID-19.  *See Valentine v. Collier*, ___ F.3d ___, 2020 WL 1934431, *4 (5th Cir. April 22, 2020). And to the extent Plaintiffs suggest that the Eighth Amendment requires Defendants to implement protective measures beyond TDCJ's existing protocols and the CDC's guidelines, the Fifth Circuit has already rejected that proposition. The CDC does not recommend anything close to what Plaintiffs request, and Plaintiffs' demand for a report on every inmate who tests positive for COVID-19 would improperly interfere with Defendants' efforts to respond to a rapidly developing public-health crisis. *See id.* at *5.  And Plaintiffs' demand for the identity of the inmate who recently tested positive for COVID-19 cannot justify a preliminary injunction because it is not necessary. The inmate is not the sole source, let alone the best source, of information about TDCJ's precautionary measures.

### III.  CONCLUSION

Defendants Bryan Collier, Robert Herrera, and the Texas Department of Criminal Justice ask the Court to deny Plaintiffs' Emergency Motion to Identify Second COVID-19 Case at the Pack Unit. If the Court grants Plaintiffs' motion, Defendants request that the Court stay any grant of relief pending appellate review.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/ s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
*Attorney-in-Charge*
Texas State Bar No. 24074047
Federal Bar No. 1125898
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4199
Facsimile: (512) 370-9996
Christin.Vasquez@oag.texas.gov

*/s/ Jeffrey E. Farrell*
**JEFFREY E. FARRELL**
*Of Counsel*
Texas State Bar No. 0787453
Federal Bar No. 16842
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
Jeffrey.Farrell@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that a true copy of **DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO IDENTIFY SECOND COVID-19 CASE AT THE PACK UNIT** has been served electronically upon all counsel of record *via* the electronic filing system of the Southern District of Texas, on April 27, 2020.

/s/ *Christin Cobe Vasquez*
CHRISTIN COBE VASQUEZ
Assistant Attorney General