## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE and | § | |
| RICHARD ELVIN KING, individually and | § | |
| on behalf of those similarly situated, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01115 |
| | § | |
| BRYAN COLLIER, in his official capacity, | § | |
| ROBERT HERRERA, in his official capacity, | § | |
| And TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
| Defendants. | § | |

---

### DEFENDANTS' EMERGENCY MOTION TO STAY DISCOVERY

---

Defendants Bryan Collier ("Collier"), Robert Herrera ("Herrera"), and the Texas Department of Criminal Justice ("TDCJ") (collectively, "Defendants") file this Emergency Motion to Stay Discovery, and in support respectfully show:

### I. STATEMENT OF THE CASE

Plaintiffs Laddy Valentine ("Valentine") and Richard King ("King") (collectively, "Plaintiffs") are inmates currently confined at TDCJ's Pack Unit in Navasota, Texas. ECF 1 at 1. Plaintiffs contend that they suffer from disabilities that, according to the Center for Disease Control ("CDC"), place them at a higher risk of severe illness from COVID-19. *Id.* at 22, ¶ 51; 23, ¶ 57. While Plaintiffs concede that TDCJ has implemented policies in response to the COVID-19 pandemic, they contend that those policies are "woefully inadequate." *Id.* at 15, ¶ 31.

Plaintiffs contend that Defendants' failure to implement adequate policies to protect their health and ensure their safety amounts to an Eighth Amendment violation. *Id.* at 28-29, ¶ 73-79.

Plaintiffs also assert that TDCJ has intentionally discriminated against them by denying them reasonable accommodations recommended by the CDC, which they allege violates the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *Id.* at 29, ¶ 81. For relief, Plaintiffs requested a temporary restraining order/preliminary injunction requiring Defendants to implement certain measures they believe would better protect them from contracting COVID-19. *Id.* at 32-34, ¶ 96.

The Court granted Plaintiffs' application for a preliminary injunction on April 16, 2020. ECF 40. Defendants filed an interlocutory appeal to the Fifth Circuit challenging the Court's preliminary-injunction order. ECF 45. Defendants also filed an emergency motion to stay the Court's injunction order pending Defendants' appeal. *See generally Valentine v. Collier*, 2020 WL 1934431 (5th Cir. Apr. 22, 2020). The Fifth Circuit granted Defendants' motion to stay the Court's preliminary-injunction order pending appeal, finding that: (1) TDCJ is likely to prevail on the merits of its appeal; (2) TDCJ showed that it will be irreparably injured absent a stay; and (3) the balance of harms and the public interest weigh in Defendants' favor. *See Valentine*, 2020 WL 1934431, at **1-6. The Fifth Circuit also noted that Plaintiffs' suit appears to be premature because they did not exhaust their administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"). *Id.* at *6.

Defendants filed their Motion to Dismiss Pursuant to Rule 12(b) on April 22, 2020. ECF 53 and 55. Defendants contend: (1) Plaintiffs lack standing because they demonstrate no actual or imminent injury; (2) Plaintiffs fail to state an Eighth Amendment claim because they do not allege facts demonstrating Defendants have acted with deliberate indifference to Plaintiffs' health or safety; (3) Plaintiffs fail to state a claim under the ADA and RA because the ADA does not apply in exigent circumstances, and Plaintiffs have not alleged discrimination; and (4) Plaintiffs failed to exhaust their administrative remedies as required by the PLRA. Defendants' Motion to Dismiss remains pending.

On April 24, 2020, Plaintiffs filed a motion to compel certain information from Defendants. ECF 58. This motion was filed before any discovery requests had been served on Defendants. Defendants filed their response to Plaintiffs' motion to compel on April 27, 2020. ECF 60. After holding a hearing on the motion to compel, the Court ordered the parties to complete required disclosures under Federal Rule of Civil Procedure 26(a) and confer telephonically in accordance with Rule 26(f) within ten days of its April 27th order. ECF 69. The Court indicated in its order that it will schedule a hearing if the parties were unable to agree on a discovery plan and schedule. *Id.*

On April 27, 2020, Plaintiffs served Defendants with a set of eight interrogatories. *See* Exhibit A. Plaintiffs also served Defendants with a set of twenty-two requests for production. Pursuant to the Court's order and subject to this motion to stay discovery, the parties conducted their Rule 26(f) conference on May 5 and 7, 2020.

Discovery in this case is premature.

## II. ARGUMENT AND AUTHORITY

Defendants respectfully request that the Court stay all discovery in this suit pending the resolution of Defendant's interlocutory appeal pending in the Fifth Circuit. Alternatively, Defendants request that the Court stay all discovery until all preliminary issues are resolved, namely (1) whether the Court has subject matter jurisdiction over Plaintiffs' claims; (2) whether Plaintiffs have failed to state a claim upon which relief can be granted; and (3) whether Plaintiffs properly exhausted their administrative remedies in accordance with the PLRA. Finally, should the Court allow discovery to proceed before the resolution of those issues, Defendants request that such discovery be limited to the threshold issues of subject matter jurisidiction and exhaustion only.

3

**A.      The Court should stay all discovery pending the Fifth Circuit's ruling on Defendants' interlocutory appeal.**

The Court should stay all discovery in this case until the Fifth Circuit resolves Defendants'

interlocutory appeal of the Court's preliminary injunction order. The issues involved in the appeal

are inextricably intertwined with the issues on which Plaintiffs seek discovery. Just two days ago,

the Fifth Circuit ordered the Defendants to file under seal additional information regarding

conditions at the Pack Unit and ongoing COVID-19 testing of offenders and TDCJ employees at

the Pack Unit. *See Valentine,* 2020 WL 1934431 (5th Cir. May 5, 2020) (Fifth Circuit order

directing Defendants to file information). Plaintiffs will obtain immediate and ongoing

information regarding the issues the Fifth Circuit has required in connection with the issues on

appeal and on which Plaintiffs seek discovery.  As such, any discovery permitted by this Court

beyond what the Fifth Circuit has directed Defendants to file would result in the waste of scarce

governmental resources in the midst of a worldwide pandemic and divert those resources, as well

as the Defendants' time and attention, away from the parties' and this Court's shared goal of

preventing the spread of COVID-19. For these reasons, the Court should stay all discovery until

the Fifth Circuit rules on Defendants' interlocutory appeal.

The Fifth Circuit has explained that, during the pendency of an interlocutory appeal, the

district court should not proceed with matters involved in the appeal. *See Alice L v. Dusek*, 492

F.3d 563, 564–65 (5th Cir. 2007). "It is the general rule that a district court is divested of

jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the

appeal. However, when an appeal is allowed from an interlocutory order, the district court may

still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667–68

(5th Cir. 1981); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)

("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction

on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Here, the issues involved in the pending interlocutory appeal are vast. To determine whether Plaintiffs are entitled to a preliminary injunction, the Fifth Circuit must evaluate, among other things, whether Plaintiffs are substantially likely to succeed on the merits of their claims. In making that dermination, the Court will necessarily evaluate: (1) whether Plaintiffs have standing to bring their claims; (2) whether Plaintiffs have properly exhausted their remedies under the PLRA as a necessary prerequisite to filing suit; and (3) the strength of Plaintiffs' Eighth Amendment claims. In short, the Fifth Circuit will be required to evaluate the merits of each of Plaintiffs' claims and determine whether Plaintiffs are even entitled to brings those claims.

The broad-sweeping nature of the Fifth Circuit's analysis will touch every issue involved in Plaintiffs' Complaint. Moreover, the Fifth Circuit's evaluation of Plaintiffs' claims should illuminate the issues and claims on which any future discovery, if warranted, should be focused. Pursuant to the Fifth Circuit's order, Defendants will be providing information requested by the Court on an ongoing basis. The Court, therefore, should stay all other discovery until Defendants' interlocutory appeal is resolved. *See Dusek*, 492 F.3d at 564–65.

**B.      The Court should stay discovery until all preliminary issues are resolved.**

Alternatively, should the Court permit discovery while Defendants' interlocutory appeal is pending, it should at least stay discovery until all preliminary issues raised in Defendants' case-dispositive Motion to Dismiss Pursuant to Rule 12(b) have been resolved. There are three preliminary issues in this case that should be resolved before discovery on the merits proceeds: (1) whether the Court lacks subject matter jurisdiction over Plaintiffs' claims; (2) whether Plaintiffs have stated claims upon which relief can be granted; and (3) whether Plaintiffs properly

exhausted their administrative remedies under the PLRA. The Court should stay all discovery until those issues are resolved.

### 1. The Court should stay all discovery until Defendants' dispositive motions are resolved.

The Court should stay all discovery until Defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) have been ruled upon because either motion, if granted, would be dispositive of all claims and preclude the need for any discovery.

A district court has "broad discretion" in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *accord Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). A district court may, "for good cause, issue an order to protect a party or any person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). A court must also examine principles of proportionality and limit discovery if it determines, among other possibilities, that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii). The court may also determine, in its discretion, whether a stay is appropriate in cases where a dispositive motion, if granted, would preclude the need for discovery altogether. *See Estate of Brown v. Ogletree*, No. H-11-1491, 2011 WL 13318529, at *1 (S.D. Tex. Dec. 15, 2011); *see also Landry v. Air Line Pilots Assn'n Intern. AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

In this case, Defendants have filed a motion to dismiss Plaintiffs' claims pursuant to Rule 12(b)(1). ECF 53 at 11. Specifically, Defendants argued that Plaintiffs lack standing to pursue their claims because they have alleged no actual or imminent injury. *Id.* at 11-12. To date, Plaintiffs have not satisfied the "actual or imminent" injury requirement: they have alleged only

a *possible* future injury without any degree of certainty. Should the Court determine that Plaintiffs lack standing to pursue their claims, their claims would have to be dismissed in their entirety for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Defendants' motion to dismiss pursuant to Rule 12(b)(1), if granted, would dispose of all claims and preclude the need for discovery altogether. The Court, therefore, should stay all discovery in this case until this preliminary jurisdictional issue is resolved. *See Ogletree*, 2011 WL 13318529, at *1.

Defendants have also filed a motion to dismiss pursuant to Rule 12(b)(6), which should likewise be resolved before discovery proceeds. ECF 53 at 12-28, and ECF 55. The purpose of a Rule 12(b)(6) motion is to expose deficiencies in a complaint at the point of minimum expenditure of time and money by the parties and the court "before 'the doors of discovery' are unlocked." *See Dominguez v. Target Corp.*, No. 5:18-CV-23, 2019 WL 1004569, at *10 (S.D. Tex. Feb. 8, 2019), *report and recommendation adopted sub nom. Del Rosario Dominguez v. Target Corp.*, No. 5:18-CV-23, 2019 WL 1003405 (S.D. Tex. Feb. 28, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Discovery is not needed to dispose of a Rule 12(b)(6) motion because those motions "are decided on the face of the complaint." *Walker v. Concordia Capital*, 782 F. App'x 355, 356 (5th Cir. 2019) (quoting *Landry*, 901 F.2d at 435).

Defendants' 12(b)(6) motion argues that Plaintiffs have failed to state a claim upon which relief can be granted with respect to all of their claims. This motion—like Defendants' 12(b)(1) motion—if granted, would dispose of all claims and preclude the need for discovery. Since discovery is not needed to rule on a 12(b)(6) motion, the Court should stay all discovery until it has determined whether Plaintiffs have failed to state a claim upon which relief can be granted. *See Ogletree*, 2011 WL 13318529, at *1.

**2.      The Court should stay all discovery until the threshold issue of exhaustion is resolved.**

The Court should also stay all discovery until the threshold issue of exhaustion is resolved. A district court has the discretion to stay discovery until preliminary issues that may dispose of a case are determined. *Mcpeters v. Lexisnexis*, No. 4-11-cv-02056, 2011 WL 13253446, at *1 (S.D. Tex. Oct. 5, 2011). One such preliminary issue is PLRA exhaustion.

At least one federal circuit court has held that a case should not proceed to pretrial discovery until the issue of PLRA exhaustion has been decided by the district court. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). While the Fifth Circuit has not explicitly held so, it has explained that PLRA exhaustion is "a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time . . . ." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). In that sense, the affirmative defense of exhaustion resembles the defenses of personal jurisdiction and venue. *Id.* Accordingly, the Fifth Circuit has instructed district courts resolve disputes concerning exhaustion before allowing a case to proceed on the merits. *Id.* at 273.

In this case, the Court determined that Plaintiffs were not required to exhaust their remedies under the PLRA as a prerequisite to receiving injunctive relief because TDCJ's process was incapable of use and unavailable to them. *See Valentine*, 2020 WL 1934431, at *6. The Fifth Circuit disagreed, explaining that TDCJ's grievance process was "available" to them, and that they were therefore required to exhaust before filing suit. *See id.* Where, as here, neither plaintiff even attempted to avail himself of administrative remedies, the PLRA requires dismissal for failure to exhaust. Since the threshold issue of exhaustion has not been resolved, the case should not proceed on the merits—and discovery should not be permitted—until that determination has been made. *See Dillon*, 596 F.3d at 273; *McPeters*, 2011 WL 13253446, at *1.

**C.      Should discovery proceed before Defendants' dispositive motions are ruled upon and the issue of PLRA exhaustion determined, any discovery should be limited to issues of jurisdiction and exhaustion.**

Should discovery proceed before all preliminary issues are resolved, Defendants request the Court to limit discovery to the issues of jurisdiction and exhaustion. Again, before reaching the merits of Plaintiffs' claims, the Court must determine whether it has subject matter jurisdiction over the claims and whether Plaintiffs properly exhausted their remedies under the PLRA. If either of those issues are resolved in the Defendants' favor, there would be no need to conduct discovery on the merits. Allowing merits-based discovery prior to determining the threshold issues of jurisdiction and exhaustion would not only create an undue burden on Defendants in having to respond to requests that may ultimately be needless, but it would also waste judicial resources. Therefore, to the extent the Court permits discovery before the threshold issues of jurisdiction and exhaustion are resolved, Defendants request that the scope of discovery be limited to only those two issues.

## III.  CONCLUSION

Defendants respectfully request the Court to stay all discovery in this case until the 30th day after Defendants' interlocutory appeal in the Fifth Circuit is resolved. Alternatively, Defendants request that the court stay all discovery until the 30th day after Court has ruled upon Defendants' pending motion to dismiss pursuant to Rules 12(b)(1) and (6) to the extent any claims remain. Should the Court allow discovery to proceed prior to the resolution of the pending appeal and/or motion to dismiss, Defendants request that the scope of discovery be limited only to the issues of jurisdiction and exhaustion.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
*Attorney-in-Charge*
Texas State Bar No. 24074047
Federal Bar No. 1125898
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4199
Facsimile: (512) 370-9996
Christin.Vasquez@oag.texas.gov


**JEFFREY E. FARRELL**
*Co-Counsel*
Texas State Bar No. 0787453
Federal Bar No. 16842
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
Jeffrey.Farrell@oag.texas.gov

**ATTORNEYS FOR TDCJ DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have conferred with opposing counsel via telephone conference on May 5 and 7, 2020, regarding the subject of this motion and counsel is opposed to the relief requested.

/ s/ Christin Cobe Vasquez
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing *Defendants' Emergency Motion to Stay Discovery* has been served electronically upon all counsel of record *via* the electronic filing system of the Southern District of Texas, on May 7, 2020.

/ s/ Christin Cobe Vasquez
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General