UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE and § | | |
| RICHARD ELVIN KING, individually and § | | |
| on behalf of those similarly situated, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. 4:20-cv-01115 | |
| § | | |
| BRYAN COLLIER, in his official capacity, § | | |
| ROBERT HERRERA, in his official capacity, § | | |
| And TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, § | | |
|     Defendants. § | | |

**DEFENDANTS' OPPOSED EMERGENCY MOTION FOR PROTECTIVE ORDER TO REASONABLY LIMIT DISCOVERY**

Defendants Bryan Collier, Robert Herrera, and the Texas Department of Criminal Justice ("TDCJ") file this Opposed Emergency Motion for Protective Order to Reasonably Limit Discovery.

Given the current trial date, the pending appeal in the Fifth Circuit, the pending appeal in the U.S. Supreme Court, expert designations, the unresolved questions of class certification and intervention, and the substantial briefing to be completed on these outstanding issues, Defendants request that the already expedited discovery be reasonably limited.

Plaintiffs have requested depositions of Bryan Collier, Executive Director of TDCJ; Oscar Mendoza, Deputy Director of TDCJ; Dr. Lannette Linthicum, Director of TDCJ Health Services; and Robert Herrera, Warden of the Pack Unit. Plaintiffs have refused Defendants' request to limit depositions to less than seven hours and have demanded that depositions of Defendants and their witnesses be conducted in person. Plaintiffs have also served written discovery, including requests

for production and interrogatories. Defendants must also have an opportunity to conduct discovery including depositions of Plaintiffs and their designated experts.

## I. Legal Standard for Protective Order

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause, to forbid discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The burden is on the party seeking the protective order to show it is necessary, who must also show "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The party seeking the protective order must also demonstrate why each discovery request objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

## II. Reasonable Limitations on Discovery are Necessary.

In this case, the feasibility of completing discovery under the current trial schedule presents an unmanageable burden. Defendants assert that discovery cannot be completed under the current trial schedule absent some reasonable limitations. In order to facilitate necessary discovery during the ongoing COVID-19 pandemic, and while maintaining the Court's desired trial schedule, Defendants request the following limitations on discovery:

**(1) The Court should direct depositions to be taken remotely utilizing video technology, such as Zoom.**

A deposition typically involves the gathering of several people in close proximity. In light of the current climate and the ongoing pandemic, Defendants request the Court order depositions in this case be taken via videoconference pursuant to Rule 30 of the Federal Rules of Civil Procedure, unless the Parties agree otherwise. Rule 30 specifically states, in pertinent part, that:

> The parties may stipulate—writing or the court may on motion order—
> that a deposition be taken by telephone or other remote electronic means. For the

purposes of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

FED. R. CIV. P. 30(b)(4). When seeking to take a deposition by videoconference, the party must establish a legitimate reason for its motion. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008). Any party opposing such depositions has the burden to establish good cause as to why the depositions should not be conducted in such manner. *Id*. Generally, leave to take depositions by remote electronic means should be granted liberally. *Id*; *Abad v. Maxum Petroleum Operating Co.*, 2016 WL 11261306, at *4 (W.D. Tex. Sept. 26, 2016); *Carrico v. Samsung Elecs. Co., Ltd.*, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016); *Leeson v. Wright Trucking Co. Inc.*, 2020 WL 435367, at *4 (D.N.M. Jan. 28, 2020).

As the Court is well aware, the COVID-19 pandemic has caused unprecedented shifts and changes in the judicial system. Courts throughout the country are proceeding with conferences, hearings, and oral arguments via teleconferencing and videoconferencing to allow the judicial system to remain operational. Even the Supreme Court of the United States and the Supreme Court of Texas are utilizing this technology to hear oral argument and let parties resolve their ongoing disputes.[1] On March 13, 2020, the Texas Supreme Court and the Court of Criminal Appeals jointly issued the First Emergency Order Regarding the COVID-19 State of Disaster (Misc. Docket No. 20-007).[2] In it, both courts said Texas courts may require, ***without***

---

[1] For example, the Supreme Court of the United States is proceeding with oral argument via teleconference. *See* Press Release – April 13, 2020, available at https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_04-13-20 (last visited May 14, 2020). In addition, the Supreme Court of Texas began hearing oral arguments via Zoom after rescheduling oral arguments in March due to the pandemic. *See* Texas Supreme Court Using Zoom to Put Oral Arguments Back on Schedule, available at https://www.law.com/texaslawyer/2020/04/03/texas-supreme-court-using-zoom-to-put-oral-arguments-back-on-schedule/ (last visited on May 14, 2020).

[2] *See* Texas Supreme Court, First Emergency Order Regarding the COVID-19 State of Disaster (March 13, 2020), attached as Exhibit D.

*a participant's consent*, anyone involved in a deposition to participate remotely by videoconferencing. And this directive includes a party, attorney, witness or court reporter.

The Office of the Attorney General has successfully presented and taken depositions in the past weeks utilizing Zoom video conferencing. Conducting depositions by video conferencing will enable the parties to minimize the number of people required to gather in close proximity and will not detract from the effectiveness of the depositions. The attorneys will be able to ask their desired questions and gather information just as if the depositions were being conducted in person. Plaintiffs have no justifiable reason for refusing to conduct depositions remotely. The risk to the deponents, court reporters, videographers, and attorneys can be effectively minimized by utilizing video conferencing to conduct depositions remotely.

**(2) The Court should direct Plaintiffs to serve interrogatories to Executives before requiring them to be deposed.**

Just minutes prior to the filing of this motion, Plaintiffs noticed the TDCJ executive officials' depositions. Exhibit A, B and C. That includes Mr. Collier, Mr. Mendoza, and Dr. Linthicum. Plaintiffs should be required to demonstrate why a deposition of these individuals is necessary after utilizing less intrusive means of discovery. *Turner v. Novartis Pharmaceuticals*, 2010 U.S. Dist. LEXIS 146526, 2010 WL 5055828, at *3-*4 (E.D. La. Dec. 2, 2010). This situation is similar to those at issue in *Salter v. Upjohn Co.,* 593 F.2d 649 (5th Cir. 1979) and *Baine v. General Motors,* 141 F.R.D. 332 (M.D. Ala. 1991). In *Salter,* the Fifth Circuit upheld the district court's requirement that a plaintiff first depose other witnesses before being able to depose the defendant's company president. *Id.* at 651. In *Baine,* the court concluded that deposing a vice president of the defendant company would be "oppressive, inconvenient, and burdensome inasmuch as it has not been established that the information necessary cannot be had from [other witness]." *Baine,* 141 F.R.D. at 335. *See also Mulvey v Chrysler Corp.,* 106 F.R.D. 364, 366

(D.R.I. 1985) (ordering that interrogatories should be propounded instead of deposing Lee Iacocca, Chrysler's chairman at the time, without prejudice to plaintiffs' ability to depose him later if still warranted).

The basis for the Court's conclusion in *Baine* is even more unwavering here. TDCJ executives are fully engaged in their work diligently managing and responding to the COVID-19 virus as it affects prisons around the State of Texas. Further, Plaintiffs have not demonstrated that the testimony sought from the Executives cannot be obtained by other means. To require them to step away from their duties to prepare for, travel to, and give up to a seven-hour deposition in this case is extremely oppressive, inconvenient, and burdensome, not only to them personally, but to the prison system as a whole—employees and inmates alike. A reasonable alternative is to permit Plaintiffs to submit their questions to the executives via written interrogatories, which will allow Plaintiffs' the opportunity to obtain answers to necessary questions while also limiting the disruption to the executives' increased duties during the current pandemic.

### (3) The Court should limit depositions to four hours instead of seven.

Given the expedited schedule advocated by Plaintiffs, reducing the length of depositions is a reasonable adaptation to accomplish the substantial work to be done in the extremely limited amount of time prior to the current trial date. Limiting depositions to four hours will accommodate the deponents' schedules, including several state officials that are directly involved in addressing the ongoing COVID-19 pandemic in TDCJ. A seven-hour deposition, adding breaks and time off the record, is an all-day affair. Depositions by video conferencing may require the deponents to travel to and from locations capable of supporting videoconferencing, the executive deponents should be offered the opportunity to be deposed via videoconferencing at a location that provides them the ability to return to the management of TDCJ's COVID-19 response as soon as possible,

especially in light of the constant and rapidly evolving nature of the virus. Preparing for, traveling to and from, and attending depositions will detract from these state officials' responsibility to manage TDCJ's operations and responseCOVID-19 response in over 100 prison units across the state. Additionally, in order to accomplish the number of depositions sought by the parties in the short time frame afforded by the trial schedule, four-hour depositions could allow for two depositions in a single day.

**(4) The Court should limit the number of depositions to six per side.**

While the Federal Rules permit ten depositions per party, the expedited nature of the current litigation necessitates a reasonable limitation on the number of depositions permitted per side. It is not feasible for the parties to prepare, defend, or take up to twenty depositions under the current expedited schedule. And this case does not necessitate that many depositions. The parties should be able to accomplish their discovery needs with six depositions per side, and if additional discovery is needed, the parties should seek court approval.

**(5) The Court should limit written discovery to 25 Interrogatories, 30 requests for production, and 30 requests for admissions per side.**

The Federal Rules permit a party to serve 25 Interrogatories to each party. Fed. R. Civ. Pro. 33. A reasonable limitation in this case would be to permit each side to serve only 25 Interrogatories, regardless of who they are directed to. While the Federal Rules do not limit the number of requests for production or requests for admissions, Defendants request that each side be limited to serving no more than 30 requests for production and 30 requests for admissions. These reasonable limitations will allow the parties to obtain necessary information within the current expedited schedule.

### III.  Conclusion

The requested limitations on discovery are necessary to facilitate discovery, not restrict it. These limitations will force the attorneys to be expedient and highly efficient in their discovery requests and deposition questions, which is what is required in order to meet the current case deadlines.

Defendants respectfully request that the Court enter a protective order placing the following reasonable limitations on depositions discovery: (1) require depositions to be conducted utilizing video conferencing technology, such as Zoom; (2) direct Plaintiffs to serve interrogatories to Executives before requiring them to be deposed; (3) limit depositions to four hours each; (4) limit the number of depositions to six per side; and (5) limit written discovery to 25 interrogatories, 30 requests for production, and 30 requests for admissions per side.

    Respectfully submitted,

    **KEN PAXTON**
    Attorney General of Texas

    **JEFFREY C. MATEER**
    First Assistant Attorney General

    **RYAN L. BANGERT**
    Deputy First Assistant Attorney General

    **DARREN L. MCCARTY**
    Deputy Attorney General for Civil Litigation

    **SHANNA E. MOLINARE**
    Assistant Attorney General
    Chief, Law Enforcement Defense Division

    */s/ Christin Cobe Vasquez*
    **CHRISTIN COBE VASQUEZ**
    *Attorney-in-Charge*
    Texas State Bar No. 24074047
    Federal Bar No. 1125898

Assistant Attorney General
Law Enforcement Defense Division

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4199
Facsimile: (512) 370-9996
Christin.Vasquez@oag.texas.gov

**JEFFREY E. FARRELL**
*Co-Counsel*
Texas State Bar No. 0787453
Federal Bar No. 16842
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 463-2080
Facsimile: (512) 320-0667
Jeffrey.Farrell@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I, **CHRISTIN COBE VASQUEZ**, Assistant Attorney General of Texas, certify that I have conferred with Plaintiffs' counsel regarding this motion on May 14th, 2020. As of the filing of this motion, Plaintiffs are agreeable to taking Warden Herrera's deposition by Zoom and have noticed the Executives depositions by Zoom, but have not directly responded as to the remaining discovery limitations sought by this motion; therefore, Defendants assume Plaintiffs are opposed.

/s/ *Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, **CHRISTIN COBE VASQUEZ**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true copy of the foregoing in accordance with the Electronic Case Files System of the Southern District of Texas, on May 14, 2020.

/s/ *Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served electronically upon all counsel of record *via* the electronic filing system of the Southern District of Texas, on May 14, 2020.

/ s/ *Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General