**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LADDY CURTIS VALENTINE, *et al*,<br>Plaintiffs,<br><br>vs.<br><br>BRYAN COLLIER, *et al*,<br><br>Defendants. | Case No. 4:20-cv-01115 |

**POLUNSKY UNIT PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

Proposed Intervenors John Balentine, Tony Ford, Ruben Gutierrez, Travis Green, Joe Luna, and William Mason (collectively, the "Polunsky Unit Plaintiffs"), by and through the undersigned counsel, respectfully file this Reply to their Motion to Intervene in the above-captioned case. As the Polunsky Unit Plaintiffs noted in their motion, this case fulfills all of the requirements for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. Indeed, there would be a significant waste of time and resources if, as Defendants argue, this Court were to force the Polunsky Unit Plaintiffs to bring their claims in another court, before another judge who has not yet developed familiarity with the key legal and factual issues in dispute. For these reasons, and because there will be no prejudice to any of the existing parties from allowing the Polunsky Unit Plaintiffs to intervene, the Court should grant the motion.

**ARGUMENT**

**A. Differences Between The Pack Unit And The Polunsky Unit Do Not Militate Against Permissive Intervention In This Case.**

Defendants' Opposition focuses largely on differences between the Polunsky and Pack Units, namely differences between prisoner demographics and custody levels, living arrangements, and security protocol and movement. *See* May 22, 2020 Defs.' Opp to Polunsky

Unit Pls' Mot. to Intervene [ECF 116]. But the weakness in this argument only underscores how permissive intervention is appropriate in this case. As an initial matter, permissive intervention does not depend on two cases having identical facts and circumstances. *See Dewan v. M-I, L.L.C.*, 2014 WL 2981362, at *3 (S.D. Tex. June 27, 2014) ("If there is a common question of law or fact, intervention may be allowed even though the intervenor also raises other issues that are not presented by the main action." (citation omitted)); *see also Brown v. Bd. of Ed. of Topeka, Shawnee Cty., Kan.*, 84 F.R.D. 383, 405 n.16 (D. Kan. 1979) ("[Permissive intervention] does not require that the intervenor's claim involve facts identical to those being litigated, but can be supported by a common question of law …."). Rather, permissive intervention requires that the intervenor has a "claim or defense and the main action have a question of law or fact in common." *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2016) (citation omitted).

The standard for permissive intervention is readily satisfied here. The Polunsky Unit Plaintiffs seek to bring claims presenting nearly identical questions of law and common questions of fact regarding the adequacy of the Texas Department of Criminal Justice ("TDCJ")'s policies and procedures to safeguard vulnerable and high risk prisoners from being infected and dying from COVID-19. The Polunsky Unit Plaintiffs also raise questions concerning the impact of those policies and procedures on their constitutional and statutory rights as individuals incarcerated by Defendants at the TDCJ. *See* May 1, 2020 Polunsky Unit Pls.' Mot. to Intervene [ECF 76] at 6.

Any differences between the Polunsky Unit and the Pack Unit are irrelevant in the context of the larger, common issues of law and fact raised by prisoners in both units. The claims of the Polunsky Unit Plaintiffs and the Pack Unit Plaintiffs focus exclusively on the adequacy of the policies and practices the TDCJ has implemented in response to the coronavirus pandemic.[1] They

[1] Further, the CDC recommends that correctional facilities "adapt[] [their polices] based on individual facilities' physical space, staffing, population, operations, and other resources and conditions." Apr. 10, 2020 *FAQ's for*

are made in an environment of escalating urgency to ensure that TDCJ policies and procedures are being implemented in a manner appropriate to the threat posed by the coronavirus and the special risks and vulnerabilities of both groups of Plaintiffs.

**B. Intervention Should Be Permitted Where, As Here, A Claim Shares With The Main Action A Common Question Of Law Or Fact**

Polunsky Unit Plaintiffs and Pack Unit Plaintiffs both seek a remedy that will require Defendants to take all appropriate steps to protect the health and safety of the people in their custody in the midst of this unprecedented, deadly pandemic. As Defendants admit, the claims of both groups overlap. Specifically, the following determinations are essential to the resolution of both matters: 1) whether the Plaintiff-classes' constitutional rights are being violated; 2) whether the TDCJ's failure to implement adequate COVID-19 safeguards constitutes cruel and unusual punishment; 3) whether members of the Disability Subclasses are qualifying individuals under the ADA and Rehabilitation Act; 4) whether the Disability Subclasses' rights are violated; and 5) whether the TDCJ discriminated against the Disability Subclasses. *See* Mot. at 6. The Court is addressing precisely these legal questions in the context of claims brought by the Pack Unit. Permissive intervention was designed for claims like these, where principles of efficiency and fairness are best served by having one court resolve these issues.

Defendants cannot support their argument that the access-to-counsel claim brought by the Polunsky Unit Plaintiffs would "needless complicate" the litigation. As noted above, courts in this district (and throughout the federal system) recognize that it is not necessary that all claims and facts be identical. *See Dewan*, 2014 WL 2981362, at *3; *Brown,* 84 F.R.D. at 405 n.16.

---

*Correctional and Detention Facilities*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

### C. Intervention Is Timely

It cannot seriously be disputed that the Polunsky Unit Plaintiffs timely moved to intervene in this case—the motion was filed just weeks after this case commenced, as Defendants concede. For this reason, Defendants' footnote citation to *Cole v. Collier* is inapposite. The motions at issue in *Cole* were filed more than *three years* into that litigation. *See Cole v. Collier*, 2017 WL 2118970, at *1 (S.D. Tex. May 16, 2017). That is a far cry from the Polunsky Unit Plaintiffs' request to intervene before a responsive pleading was even filed in this case.

While this litigation is proceeding at an expedited pace (and justifiably so), it is still in its early stages. Discovery has only recently begun, and counsel for the Polunsky Unit Plaintiffs has attended hearings and remained engaged with case events since the Motion to Intervene was filed. Accordingly, the Polunsky Unit Plaintiffs stand ready to participate fully in this litigation on the current schedule upon the Court's order. There will be no prejudice to any party from intervention.

Defendants state that the "unusual circumstances" caused by COVID-19 militate against a finding of timeliness, but the opposite is true. The United States death toll from the virus has now exceeded over 100,000 and each day over 19,000 additional people are infected. https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. As of May 28, 2020, more than 5,000 prisoners have tested positive for COVID-19, an increase of over 2,400 in just five days. TDCJ COVID-19 Case Count, https://txdps.maps.arcgis.com/apps/opsdashboard/index.html#/dce4d7da662945178ad5fbf3981fa35c. Therefore, time is of the essence. The Polunsky Unit Plaintiffs will be severely prejudiced if their motion is denied because the coronavirus continues to rapidly spread and infect hundreds of additional prisoners each day. Intervention in this case is both an appropriate and justified result for all Plaintiff-classes.

**CONCLUSION**

For all these reasons, the Polunsky Unit Plaintiffs respectfully request the Court grant their Motion to Intervene.

Dated: May 29, 2020

Respectfully submitted,

*/s/ David R. Dow*

David R. Dow
Texas Bar No. 06064900
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
ddow@central.uh.edu
jrnewber@central.uh.edu

*Attorneys for Polunsky Unit Plaintiffs*

**CERTIFICATE OF SERVICE**

I, David R. Dow, certify that a true and correct copy of the above and foregoing POLUNSKY UNIT PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE has been served electronically upon all counsel of record via the electronic filing system of the Southern District of Texas, on May 29, 2020.

*/s/ David R. Dow*
David R. Dow
*Attorney for Polunsky Unit Plaintiffs*