UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 24 2020

David J. Bradley, Clerk of Court

| | |
|---|---|
| LADDY CURTIS VALENTINE and RICHARD ELVIN KING, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> V. <br><br> BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE. <br><br> Defendants. | Civil Action No. 4:20-cv-01115 |

### PROPOSED CLASS MEMBERS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE KEITH P. ELLISON:

COMES NOW, LEEROY CESAR CARBALLO (hereafter "Carballo"), TDCJ #1462910, and several other inmates incarcerated at the Wallace Pack Unit, and who are subjected to TDCJ's policies and practices regarding COVID-19, and do file this opposition to plaintiffs' motion for class certification, and will show the Court the following:

#### INTRODUCTION

On May 13, 2020, Plaintiffs filed their Emergency Motion for Class Certification. [ECF 94], proposing to represent two classes: (1) all current and future inmates at the Pack Unit who are subject to TDCJ and the Texas Correctional Managed Health Care Committee's COVID-19 policies.[ECF 94 at 25]; and (2) a "high-risk" subclass, mirroring the general class but focusing on individuals who Plaintiffs claim are most at risk of severe illness, injury, or death from COVID-19. Id. Plaintiffs seek to certify a class solely under Rule 23(b)(2) of the Federal Rules of Civil Procedure. Id. at 45. In support of their proposed classes, Plaintiffs contend that "Defendants" policy and practice of refusing adequate COVID-19 protections" is the glue that binds the class members together. Id.

Plaintiffs do not meet all the necessary requirements to obtain class certification under Rule 23(a). Specifically, Plaintiffs fail to meet the

adequate represention prong. Since Plaintiffs cannot meet each of Rule 23(a)'s requirements, class certification is improper.

## II. ARGUMENT AND AUTHORITY

A. Legal Standard for Class Certification

Under Rule 23, a party seeking class certification must establish the following prerequisites: (1) the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

**Adequate Representation**

Plaintiffs have not shown that they will adequately protect the interests of the putative class because: (1) Plaintiffs choice to pursue declaratory and injunctive relief, filing suit, before they exhausted their administrative remedies and failure to state an Eighth Amendment claim for deliberate indifference creates a conflict of interest between them and the other putative class members; and (2) Plaintiffs have not shown that they will protect the interests of the other putative class members.

Adequacy emcompasses three seperate but related inquiries: (1) "the zeal and competence of the representative[s] counsel"; (2) "the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees"; and (3) the risk of "conflicts of interest between the named plaintiffs and the class they seek to represent." Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 130 (5th Cir. 2005)(quoting Berger v. Compaq Comp. Corp., 279 F.3d 313, 313-14 (5th Cir. 2002). The adequacy inquiry "serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent." See Amchem Prods., Inc., 521 U.S. at 594. Differences between named plaintiffs and absent class members make named plaintiffs inadequate representatives if those differences create a conflict of interest between the named plaintiffs and the class members. Jenkins v. Raymark Industries, 782 F. 2d 468, 472 (5th Cir. 1986).

It is Plaintiffs' burden to establish adequacy. The Fifth Circuit has

explicitly stated that any presumption that the class representative is adequate "inverts the well-established rule that the party seeking certification bears the burden of establishing all elements of rule 23(a)." Berger v. Compaq Computer Corp., 257 F.3d 475, 481 (5th Cir. 2001). "Even more unsettling," when such a presumption occurs, it ignores the constitutional dimensions of the adequacy requirement, which implicates the due process rights of all members who will be bound by the judgment." Id. Rather than presuming adequacy, the Fifth Circuit has described "the adequacy requirement [as one that] mandates an inquiry into...the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." Horton v. Goose Creek Indep. Sch. Dist., 690 F. 2d 470, 484 (5th Cir. 1982).

To meet Rule 23 requirements, the Court must find that the relationship between class representatives and their counsel are adequate to protect the interests of absent class members. Stirman v. Exxon Corp., 280 F.3d 554, 562 (5th Cir. 2002). Class representatives must satisfy the court that they, and not counsel, are directing the litigation. Unger v. Amedisys Inc., 401 F. 3d 316, 321 (5th Cir. 2005). A simple determination that no conflict exists to preclude certification, "is not a sufficiently 'rigorous' analysis to demonstrate that [the class representative] is an adequate representative." Stirman, 280 F.3d at 563.

Plaintiffs or Plaintiffs' counsel chose to file suit before Plaintiffs exhausted their administrative remedies and failed to state an Eighth Amendment claim for deliberate indifference.

While Plaintiffs' counsel point to the fact that King has been found to be an adequate representative of a class in a seperate suit, they allege no facts--other than King's participation in an evidentiary hearing--that he will participate in the case and protect the interests of the putative class members. ECF 94 at 42. In fact, King's deposition testimony reveals that he has little understanding of the claims raised and his role as a class representative. King testified that he does not know what a putative class action is. (King Depo. at 142:17-19). He could not articulate the specific characteristics of the proposed classes. Id. at 143: 8-19. He did not know what his responsibilities as a class representative would be. Id. 143:20-24; 144:1-9. Finally, King could not articulate the legal claims that either he or his counsel raised on behalf of the proposed classes. Id. at 145:18-25;

Plaintiffs' counsel make no mention of Valentine's ability to adequately represent the putative classes. Since Plaintiffs have not shown that they are capable of driving the litigation in this case, they have not shown they are capable of adequate representation. See Unger, 401 F.3d at 321.

To further support their argument that the Plaintiffs are adequate class representatives, Plaintiffs' counsel also argue that Plaintiffs are attempting to exhaust their administrative remedies under the PLRA. ECF 94 at 42-45. But this argument demonstrates precisely why Plaintiffs are not adequate representatives: since they did not exhaust their administrative remedies before their counsel filed suit--and since they have not shown TDCJ's remedies were unavailable--neither King nor Valentine having standing to represent a class. Since their failure to exhaust is fatal to their claims, Valentine and King are not capable of protecting the interests of other class members.

In addition, Plaintiffs, through their counsel have failed to state an Eighth Amendment claim for deliberate indifference.

Plaintiffs have alleged that their conditions of confinement place them at substantial risk of harm from COVID-19, in violation of their Eighth Amendment rights, and that the Defendants are being deliberately indifferent to their obvious and serious medical and safety needs. Complaint (ECF No.1) ¶¶ 74-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plausibility analysis requires reference to the applicable legal standard, which in the case of deliberate indifference is "extremely high."

To prove that prison conditions violate the Eighth Amendment, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the defendant prison official has acted with "deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second requirement, a plaintiff must show the defendant (1) was aware of facts from which the inferences could be drawn that a substantial risk of serious harms exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded

-4-

the risk. Valentine v. Collier, 956 F.3d 797, 801 (5th Cir. 2020)

To warrant prospective relief. Plaintiffs must establish not only that Defendants'"attitudes and conduct" were subjectively wanton "at the time suit was brought," but also that Defendants Collier and Herrera currently are "knowingly and unreasonably disregarding an objectively intolerable risk of harm" and "will continue to do so...into the future" absent relief. Farmer, 511 U.S. at 845-846(quoting Helling v. McKinney, 509 U.S. 25 (1993). To make that showing based on the actions of inmates and prison staff, which is all Plaintiffs point to, Plaintiffs would at the very least have to plead (and eventually prove) that Collier and Herrera (1) failed to supervise or train these violators, (2) knew persons were disregarding their orders, and (3) neglected to correct this behavior knowing it posed a serious risk to Plaintiffs' health. Brauner v. Coody, 793 F.3d 493, 501 (5th Cir. 2015). Plaintiffs make no such allegation.

Failure to prevent or eliminate the risk of harm does not establish a claim of deliberate indifference. Failure to eliminate the risk of harm is not the measure of Eighth Amendment liability, nor is it proof of deliberate indifference. Thompson v. Upshur Cty., 245 F.3d 447, 458-59 (5th Cir. 2001) (Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.") Negligence, even if it results in harm to a prisoner, cannot be "characterized as wanton infliction of unnecessary pain" in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105 (1976).And the "incidence of diseases or infections, standing alone," does not "imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks." Shepard v. Dallas Cty, 591 F.3d 445, 454 (5th Cir.2009); see also Swain, 2020 WL 2161317, at *4 (district court incorrectly "treated the increase in COVID-19 infections as proof that the defendants deliberately disregarded an intolerable risk").

Plaintiffs' criticisms of the Correctional Managed Health Care (CMHC) policy implemented in response to COVID-19 include that inmates are not permitted to use alcohol-based hand sanitizer (ECF No. 1 at 16); that the CMHC policy requires facilities to "minimize transfer of offender between units," rather than "restrict" transfers (ECF No. 1 at 16); and that the policy is "vague" with regard to social distancing (ECF No. 1 at 17).

Plaintiffs' critiques of Defendants' responses to COVID-19 include that Defendants at the Pack Unit did not (1) post COVID-19 signs and warnings throughout the prison; (2) reduce social gatherings or take precautions to reduce inmate contact: (3) educate inmates on how COVID-19 is transmitted, signs and symptoms and prevention of transmission; (4) reduce and restrict inmate movement, and/or (5) remind inmates of effective measures to prevent transmission, such as washing hands with soap for at least 20 seconds. ECF No. 1 at 21.

Plaintiffs do not allege facts that Defendants Collier or Herrera failed to supervise or train their staff; that they knew any staff was disregarding their orders, nor that they failed to correct the behavior knowing it posed a serious risk to Plaintiffs' health. For these reasons, Plaintiffs fail to state an Eighth Amendment deliberate indifference claim on behalf of the class upon which relief may be granted.

The Plaintiffs' counsel fail to state an Eighth Amendment claim because they do not allege facts demonstrating facial plausibility of alleged deliberate indifference by these particular Defendants, Collier and Herrera. Plaintiffs' attorneys represented a family member in a different suit regarding the death of an inmate. See Arenas v. Calhoun, 922 F.3d 616 (5th Cir. 2019). They are quite aware that a Plaintiff filing suit cannot obtain relief without proving both the objective and subjective components in a deliberate indifference claim. While ignoring TDCJ's reply which point out the defects in the pleadings filed by Plaintiffs' counsel, Plaintiffs insist on proceeding to trial and dragging (2) classes with them that do not have a clue of what all is at stake and that they will be bound by the judgment. In all actuality, ignorance is the glue that Plaintiffs' counsel seek to bind the class members together with.

### III. CONCLUSION

Plaintiff lack standing to represent a class because they did not exhaust their available administrative remedies prior to filing suit and cannot meet each of Rule 23(a)'s requirement. Specifically, Plaintiffs fail to meet the adequate representation prong, class certification would be improper.

### IV. RELIEF REQUESTED

Carballo and other inmates at the Pack Unit request that the Court deny Plaintiffs' Motion For Class Certification; retain jurisdiction to hear any

COVID-19 related, class action suit filed by inmates on the Wallace Pack Unit who have exhausted their administrative remedies, prior to filing such complaint/suit. The Court found that the present case is related to Cole based on similarities in parties, potential class members, relevant facts, and potential relief. The Court should retain jurisdiction as the Court is familiar with the current problems of the Pack Unit in regard to the COVID-19 This would avoid the inefficiency of a situation in which another court would be forced to familiarize themselves with the problems at the Pack Unit.

Carballo and several other inmates on the Pack Unit are currently pursuing our administrative remedies to their conclusion with respect to prison conditions and response to the COVID-19. Carballo proffers a copy of a recent grievance that he has filed. See Grievance (attached). In addition, Carballo proffers his own affidavit describing a conversation he had during a phone call that was initiated by Scott Medlock on June 19, 2020, Plaintiffs' attorney or attorney of Edwards Law firm. See Affidavit (attached). Depending on TDCJ's response to Carballo and other inmates' grievances pertaining to the COVID-19, serious consideration will be taken on whether a class action complaint for injunctive and declaratory relief should be filed, so help us GOD during this grave pandemic.

## V. DECLARATION & CERTIFICATE OF SERVICE

I, Leeroy Cesar Carballo TDCJ #1462910, D.O.B. 11-30-1978, am incarcerated at the Pack Unit, 2400 Wallace Pack Rd., Navasota, Texas 77868 in Grimes County, Texas, do swear under penalty of perjury that the facts stated in this opposition to Plaintiffs' Motion For Class Certification are both true and correct to the best of my knowledge and that I mailed a copy of this pleading addressed to: Christin Cobe Vasquez, Assistant Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711 on this 19th day of 2020, through the U.S. mail, postage prepaid.

*Leeroy Cesar Carballo*
Leeroy Cesar Carballo

## VI DECLARATIONS

I,(Juan Delgado, TDCJ #1577133, D.O.B. 7-27-55),(Edward Rodriguez, TDCJ #1693800, 1-17-1970), (Charles Lherault, TDCJ #1972430, D.O.B. 2-18-1964), (Tony Graham, TDCJ # 1856055, D.O.B. 4-8-1975), am incarcerated at the Pack Unit, 2400 Wallace Pack Rd., Navasota, Texas 77868 in Grimes County, Texas do swear under penalty of perjury that I am in agreement with the opposition to Plaintiffs' Motion For Class Certification and that the facts stated therein are true to the best of my knowledge, and that I have signed this declaration.

-7-

_____
Juan Delgado #1577133

_____
Edward Rodriguez #1693800

_____
Charles LHerault #1972430

_____
Tony Graham #1856055