**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE and | § | |
| RICHARD ELVIN KING, individually and | § | |
| on behalf of those similarly situated, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01115 |
| | § | |
| BRYAN COLLIER, in his official capacity, | § | |
| ROBERT HERRERA, in his official capacity, | § | |
| And TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
|     Defendants. | § | |

**DEFENDANTS' EMERGENCY MOTION FOR TRIAL CONTINUANCE**
**OR, IN THE ALTERNATIVE, EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendants Bryan Collier ("Collier"), Robert Herrera ("Herrera"), and the Texas

Department of Criminal Justice ("TDCJ") (collectively, "Defendants") file this Emergency

Motion for Trial Continuance, or in the alternative, Emergency Motion for Protective Order.

**I.**
**INTRODUCTION**

Plaintiffs filed this suit on March 30, 2020. ECF No. 1. On June 27, 2020, just two weeks

before trial, the Court certified a class consisting of at least 1,100 inmates, which includes "all

current and future inmates incarcerated at the Pack Unit…". ECF No. 160. Given the subject

matter in this case, Defendants acknowledge the necessity of a prompt trial date. However, the

current trial date, July 13, 2020,[1] is untenable given the amount of outstanding discovery, which

includes numerous expert depositions for both sides, and reviewing over 80,000 documents (not

---

[1] The current trial date is set to occur only three months from the date Plaintiffs' filed their Original Complaint.  ECF
No. 1.

1

pages) for potential disclosure. Additionally, on June 26, 2020, Plaintiffs have asked, for the first time, to take the depositions of two additional fact witnesses. For the reasons set forth below, and in order to preserve Defendants' due process rights, Defendants request that the trial date be continued to October 12, 2020.

## II.
## ARGUMENT

Currently, a bench trial is scheduled to begin on July 13, 2020. ECF 88. But that trial setting is impracticable.  While discovery is underway, the extremely abbreviated schedule related to this case's deadlines has resulted in a substantial amount of outstanding discovery.  There is no formal scheduling order in place (other than the trial date), and Plaintiffs' expert designations and supplemental reports were only produced last week—Tuesday, June 23, Thursday, June 25, and Monday, June 29, 2020.  Now that Plaintiffs have produced the expert reports they intend to rely upon at trial, Defendants' expert designations and reports will be made.  No expert depositions have occurred.  Additional time to complete discovery is required given the complexity and import of this case, as well as the recent class certification of an indefinite number of current and future Pack Unit offenders.  Moreover, the Court has not yet ruled on Defendants' motion to dismiss, and should that motion be denied, Defendants reserve the right (and intend) to file a motion for summary judgment. Judicial economy is served by continuing the current trial setting because additional time will allow the parties to properly narrow the relevant claims, parties, and relief sought.

In deciding motions to continue trial, courts evaluate the totality of the circumstances, including such factors as the amount of time available, the moving party's role in shortening the time needed, the likelihood of prejudice from denial of the motion, the facts of the particular case,

the complexity of the case, and all of the demands on the court and counsel's time. *In re FEMA Trailer Formaldahyde [sic] Prods. Liab. Litig.,* 628 F.3d 157, 161 (5th Cir.2010) (citing *U.S. v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009)).

The parties did not agree to the current trial date in a joint proposed scheduling order; rather, following a status conference on May 8, 2020, the Court set the expedited trial date and instructed the parties to set discovery deadlines by agreement in accordance with the trial date. ECF No. 88. Defendants repeatedly attempted to confer with Plaintiffs' counsel about pretrial deadlines, but when Plaintiffs refused to agree to any deadlines for the joint scheduling order, Defendants were forced to file their own proposed scheduling order on June 10, 2020. ECF No. 141. To date, Plaintiffs have not filed their own proposed scheduling order, nor has the Court entered Defendants' proposed order or any other scheduling order to govern deadlines in this case. This is Defendants' first request for a trial continuance.

Should the Court deny Defendants' motion for continuance, Defendants move for entry of a protective order, limiting Plaintiffs to two additional depositions (four hours each pursuant to the court's order on May 15, 2020) and suspending the parties' duties to supplement discovery. Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause, to forbid discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The burden is on the party seeking the protective order to show it is necessary, who must also show "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The party seeking the protective order must also

demonstrate why each discovery request objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Defendants have been diligently reviewing over 80,000 documents for potential production. That project is substantial and requires significant time and resources. The parties have at least five depositions of expert witnesses (and/or fact witnesses) to complete prior to trial. While Plaintiffs have taken four of the six depositions permitted by the Court's order granting Defendants' motion for protective order, Plaintiffs have indicated they intend to depose Defendants' experts and two fact witnesses (a request made for the first time Friday evening, June 26, 2020).[2] Plaintiffs contend the limit of six depositions per side applies only to fact witnesses and not experts. Defendants have not yet had the opportunity to schedule the depositions of Plaintiffs' experts as their supplemental reports were produced June 23, June 25, and June 29, 2020. Moreover, yesterday, Plaintiffs' counsel informed Defendants that Mr. Vail, a correctional operations witness, is unavailable to be deposed this week due to an urgent medical issue—an alternate date has not yet been offered due to the urgent nature of Mr. Vail's unavailability.

While Plaintiffs operate with no deadlines, they insist that Defendants abide the deadlines submitted in their proposed order. Specifically, Plaintiffs request that Defendants complete the document review already mentioned by July 7, 2020 in order to meet a deadline proffered by Defendants in their proposed scheduling order. But those proffered deadlines were contingent upon the participation of both parties and were not adopted in part or whole by the Court.

---

[2] On May 15, 2020, the Court held a hearing on Defendants' Emergency Motion for Protective Order to Reasonably Limit Discovery. ECF No. 110. At the conclusion of the hearing, the Court ordered depositions be taken via Zoom or similar videoconferencing platform. *See* ECF Minute Entry entered May 15, 2020. The Court also ordered Warden Herrera's deposition not to exceed seven hours on two consecutive days; TDCJ's 30(b)(6) witness to not exceed seven hours on two consecutive days. All other depositions are limited to four hours each. Each side is limited to six depositions each. Each side is limited to 25 interrogatories, 30 requests for admission, and 30 requests for production.

1. **The current trial date is impracticable because it does not give Defendants an adequate amount of time to review outstanding discovery and conduct discovery regarding the newly certified class.**

Plaintiffs filed their Emergency Motion for Class Certification on May 13, 2020. ECF No. 98. The Court granted Plaintiffs' Motion on June 27, 2020. *See* ECF No. 160. The Court's order created a general class of "[a]ll current and future inmates incarcerated in the Texas Department of Criminal Justice Wallace Pack Unit who are subjected to TDCJ and the Texas Correctional Managed Health Care Committee's policy and practice of failing to provide protection from exposure to COVID-19 during the class period." ECF No. 160 at 3. It also certified a high-risk subclass consisting of:

> All current and future inmates incarcerated in the Texas Department of Criminal Justice Wallace Pack Unit who are subjected to TDCJ's policy and practice of failing to provide protection from exposure to COVID-19 during the class period and who are, according to the CDC, most at risk for severe illness, injury, or death from COVID-19 due to their age or their health conditions, including the following individuals:

> - People aged 65 years or older;
> - People with chronic lung disease or moderate to severe asthma;
> - People who have serious heart conditions;
> - People who are immunocompromised including patients undergoing cancer treatment;
> - People with other underlying medical conditions, particularly if not well controlled, including, but not limited to, those with diabetes, renal failure, or liver disease; and
> - mass index [BMI] ≥ 40).

*Id.*

The addition of at least 1,100 plaintiffs (and others that are undefined as they are not yet assigned to Pack Unit but may be at some point during the "COVID-19 class period") to this case significantly expands the scope of discovery, making it impossible for Defendants to adequately

prepare for a trial in a matter of two weeks from the date the class was certified. As an initial matter, Defendants anticipate they will need time to further define and narrow the number and identity of members in the recently certified class.  Also, today, Plaintiffs supplemented their disclosures with the names of more than 80 Pack Unit inmates, 30 Pack Unit correctional officers, and 24 Pack Unit medical staff members.

Both parties have already conducted a significant amount of discovery. To date, Plaintiffs have conducted the following:

• Propounded eight Interrogatory Requests, which Defendants have responded to;

• Propounded 22 Requests for Production, which Defendants have responded to;

• Conducted four depositions, including one corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure covering 24 noticed topics, as well as Defendant Bryan Collier, Defendant Robert Herrera, and fact witness Dr. Lannette Linthicum. In addition, despite this Court's limit of six depositions per side, Plaintiffs have informed Defendants that they intend to depose Defendants' expert witnesses, as well as two more fact witnesses, who Plaintiffs requested on June 26, 2020, for the first time.

To date, Defendants have conducted the following discovery:

• Propounded 25 Requests for Admissions, which Plaintiffs have responded to;

• Propounded 23 Requests for Production, which Plaintiffs have responded to;

• Propounded 13 Interrogatory Requests, which Plaintiffs have responded to;

• Taken Plaintiffs Laddy Valentine and Richard King's depositions.

Defendants also intend to depose Plaintiffs' expert witnesses, and now that a class has been certified, will likely need to take additional depositions related to the class.

In early May, Plaintiffs represented to Defendants they could produce their expert reports by May 18, 2020. ECF No. 141 at 4. They did not do so. On June 16, 2020, Plaintiffs' counsel represented to Defendants that given the drastic change in circumstances between the time Plaintiffs filed their expert declarations and the present time, they would have to supplement their declarations and would do so within a week. *See* ECF No. 141, Exhibit A. However, Plaintiffs did not supplement the experts' reports until June 23, 25, and 29, 2020. Plaintiffs have not provided a supplemental expert report by Dr. Gathe.

Because Plaintiffs only just provided their supplemental expert reports, Defendants' experts need time to review those reports and provide any potential rebuttal testimony.[3] Plaintiffs had the benefit of retaining experts and drafting reports before suit was even filed. Defendants were afforded no such benefit and have continued to be at a severe disadvantage throughout the pendency of this significant, multifaceted, and fast-moving case, while simultaneously responding in real-time to the COVID-19 pandemic in Texas prisons.

To date, Defendants have produced nearly 11,000 pages of documents to Plaintiffs. Defendants are undertaking massive document review to include over 79,000 documents (not pages) to designate for privilege and/or responsiveness. Defendants continue diligently reviewing thousands of documents for proper disclosure/production.

---

[3] During the "Miscellaneous Hearing" on June 26, 2020 (ECF No. 156) the Court implied that because Defendants chose not to have experts testify at the April 16, 2020, TRO hearing, that they are not at a disadvantage in lacking experts at trial. However, having no experts at the TRO hearing was not by Defendants' choice. The hearing was set only two days before it was held—and only two weeks after this lawsuit was filed—and as has been submitted on the record in this case, Defendants have experienced difficulty in retaining experts with the requisite COVID-19 knowledge and expertise that also as the time necessary to devote to offering testimony in this this fast-moving case because the potential experts are  actively responding to the ever-changing realities associated with the COVID-19 pandemic.

The recent class certification, granted two weeks before trial, has significantly expanded the number of plaintiffs represented in this suit.  There were two plaintiffs, but now there is a class of plaintiffs, which is comprised of over 1,100 current and future inmates at the Wallace Pack Unit, and a subclass of plaintiffs, which has yet to even be identified because those offenders who fit the subclass criteria designated by the Court have not been identified through discovery in light of the Court's order that was issued only 48-hours ago. These new plaintiffs significantly change the scope of this suit, which requires additional discovery in order to properly prepare the evidence related to the parties' claims and defenses for trial.

The certified class includes a potentially indefinite number of yet-to-be-identified Plaintiffs, and Defendants cannot conduct and subsequently review the discovery required to address the significantly expanded number of Plaintiffs in less than two weeks. A trial continuance is necessary and essential to preserve Defendants' right to a fair trial.  To deny a continuance when a class is certified within two weeks of trial will effectively deprive Defendants' due process rights by ensuring a trial by ambush and denying Defendants an adequate opportunity to defend against Plaintiffs' claims.

### 2. A continuance and/ or protective order conserves judicial resources.

Furthermore, on April 22, 2020, Defendants filed a Motion to Dismiss and a Supplemental Motion to Dismiss Plaintiffs' Americans with Disabilities Act (ADA) and deliberate indifference claims. ECF Nos. 53 and 55. Though the Court has expeditiously ruled on all of Plaintiffs' motions, it has yet to rule on Defendants' motion to dismiss.

The current July 13, 2020 trial date does not afford the Parties adequate time to submit briefing on the case's merits, which the Court will need time to consider and rule upon.  A trial

continuance will ensure that only the proper parties and claims proceed to trial, thereby conserving the Court's time and resources.

## III.
## CONCLUSION

The scope and complexity of this case necessitates a trial continuance and/or protective order curtailing outstanding and additional discovery. Defendants have diligently adhered to the Court's expedited briefing deadlines since the inception of this case. However, while the July 13, 2020 trial date was already extremely abbreviated with only two Plaintiffs, the scope of the proceedings has dramatically expanded as a result of the recent class certification. Defendants, therefore, respectfully request additional time to develop the evidence necessary to adequately prepare for trial, or in the alternative, a protective order limiting discovery as explained.  This continuance will conserve judicial resources by allowing only the proper parties and claims to proceed to trial.   A continuance will also ensure that the parties have the testimony and evidence necessary to support their claims and defenses for presentation to the Court during trial.  To deny this continuance implicates Defendants' right to a fair trial by depriving them an adequate opportunity to explore and defend against Plaintiffs' claims.

For the foregoing reasons, Defendants respectfully request the Court continue the July 13, 2020 trial date to a mutually agreed upon date in October 2020, or in the alternative, enter a protective order limiting Plaintiffs to the deposition limits ordered by this Court on May 15, 2020, thereby allowing them only two additional depositions (four hours each) and suspending the parties' duty to supplement discovery.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
Texas State Bar No. 24074047
Federal Bar No. 1125898
christin.vasquez@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9996 (fax)

## CERTIFICATE OF CONFERENCE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have

conferred with opposing counsel via email on June 30, 2020, regarding the subject of this motion,

and counsel is opposed to the relief requested.

*/s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Court's electronic filing system, on June 30, 2020.

/ s/ Christin Cobe Vasquez
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing **Defendants' Emergency Motion for Trial Continuance or, in the Alternative, Emergency Motion for Protective Order** has been served electronically upon all counsel of record *via* the electronic filing system of the Southern District of Texas, on June 30, 2020.

/ s/ Christin Cobe Vasquez
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General