United States District Court
Southern District of Texas
**ENTERED**
July 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1115 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court has received Defendants' Emergency Motion for Trial Continuance, or in the Alternative, Emergency Motion for Protective Order (Doc. No. 164). After considering the Motion and all applicable law, the Court hereby finds that Defendants' Motion for Trial Continuance must be **DENIED**. The date of the trial has been set since early May. Due to the urgent nature of the case at hand, this Court set an expedited trial date. The COVID-19 emergency has not abated in the intervening time, either in Pack Unit, or in Texas or the United States. At least in Texas, the crisis has grown more widespread and more urgent. The number of inmates in Pack Unit who have tested positive and who have died also continues to grow with each update that the Court receives from Defendants. And the correctness of Defendants' reports on infections, hospitalizations, and deaths have not recently been tested by cross-examination. Accordingly, the Court is reluctant to continue the trial date based on disagreements between counsel about discovery, when the lives of inmates in Pack Unit may be at stake. Judge Davis, in his concurrence to the Fifth Circuit's decision vacating this Court's preliminary injunction, expressed similar concerns, even urging this Court to "consider holding the trial sooner" if possible. *Valentine v. Collier*, 960 F.3d 707, 708

1

(5th Cir. 2020) (mem.) (Davis, J., concurring). While this Court decided against moving the trial to an earlier date, it agrees with Judge Davis's sense of urgency with regards to this trial.

Defendants assert that they have taken many of the steps required by the Court's preliminary injunction. Plaintiffs claim that many prison inmates strongly disagree. To resolve the sharp division as to the measures that have allegedly been put in place, there is no forum more suitable than a trial.

Defendants' counsel have expressed concerns about completing discovery before trial. However, at the latest hearing before this Court, Defendants' counsel also indicated that they had not discussed the scope of remaining discovery or expected inmate testimony at trial with opposing counsel. The Court encourages attorneys for both parties to communicate with opposing counsel and work to streamline discovery and plan for an efficient trial. The failure of counsel to take even rudimentary steps to prepare for trial does not constitute grounds for a continuance.

For these reasons, the Court thus retains the original trial date of July 13, 2020.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of July, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE