United States District Court
Southern District of Texas
**ENTERED**

July 02, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1115 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 53).[1] Defendants seek to dismiss this case for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After considering the Motion and all applicable law, the Court finds that Defendants' Motion to Dismiss must be **DENIED**.

## I.    Rule 12(b)(1) Motion to Dismiss

A motion to dismiss filed pursuant to Rule 12(b)(1) seeks dismissal of a claim for lack of subject-matter jurisdiction. Defendants argue that Plaintiffs lack standing because they have not shown actual or imminent injury. (Doc. No. 53, at 11). The Court finds that Plaintiffs have pled imminent injury. Now that hundreds of inmates at Pack Unit have tested positive for COVID-19, including Plaintiff Valentine, and at least eighteen inmates have died from the virus, it is clear that Plaintiffs were facing and continue to face a threat of imminent injury. The Court therefore denies Defendants' Rule 12(b)(1) Motion to Dismiss.

---

[1] Defendants raise an additional argument about exhaustion requirements under the Prison Litigation Reform Act (PLRA) in their Supplemental Motion to Dismiss (Doc. No. 55). The Court also addresses that argument in this Order.

## II.        Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Well-pled factual allegations in the complaint must be accepted as true and must be viewed "in the light most favorable to the plaintiff[]." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Courts do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

Defendants argue that Plaintiffs have failed to state both an Eighth Amendment claim and a claim under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. For the reasons the Court stated in its preliminary injunction Memorandum and Order (Doc. No. 51), the Court finds that Plaintiffs have pled facts that state a claim of deliberate indifference under the Eighth Amendment. While the Fifth Circuit motions panel concluded that Defendants were likely to succeed on the merits of the Eighth Amendment argument under the preliminary injunction standard, *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020), this holding is not controlling in the posture of a motion to dismiss. The Fifth Circuit analyzed Plaintiffs' Eighth Amendment deliberate indifference claim on a likelihood-of-success standard, evaluating the evidentiary record before it. However, a court considering a motion to dismiss must take all well-pled facts to be true.

The Court finds that Plaintiffs have pled facts that, if taken as true, properly allege that Defendants acted with deliberate indifference towards Plaintiffs' health and safety in the face of an impending pandemic. The many factual disputes raised by Defendants in their Motion to Dismiss as to what measures they have implemented and how effective they have been cannot be resolved at this stage. Thus, Plaintiffs have successfully stated a claim under the Eighth Amendment that survives Defendants' Motion to Dismiss.

The Court also finds that Plaintiffs have properly stated a claim under the ADA and the Rehabilitation Act. Although Defendants argue that there is a broad "exigent circumstances" exception to the ADA (Doc. No. 53, at 26–27), Defendants mischaracterize Fifth Circuit precedent. Both cases cited by Defendants in support of their exception stand for an "'exigent circumstances' exception to the application of Title II 'to an officer's on-the-street responses to reported disturbances or other similar incidents . . . prior to the officer's securing the scene and ensuring that there is no threat to human life.'" *Wilson v. City of Southlake*, 936 F.3d 326, 331 (5th Cir. 2019) (quoting *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000)). Defendants have not cited to any cases in which this exception has been extended beyond instances where officers were making "on-the-street responses"; rather, the Fifth Circuit appears to limit this exception narrowly. *See Wilson*, 936 F.3d at 331 (refusing to extend exception to officer who handcuffed autistic child who was behaving erratically and threatening school officials with a jump rope); *Windham v. Harris Cty.*, 875 F.3d 229, 235 n.4 (5th Cir. 2017) (refusing to extend exception to non-exigent arrest); *see also Salinas v. City of New Braunfels*, 557 F. Supp. 2d 771, 776 (W.D. Tex. 2006) (refusing to extend exception to officers who, while responding to a 911 call, failed to accommodate plaintiff after area was secure). Although the Court agrees with Defendants that protecting inmates from the COVID-19 pandemic is an emergency matter, it is not an "on-the-

streets" snap judgment that falls within the "exigent circumstances" exception of the ADA. Just as Defendants had time to implement policies and measures for protecting the inmates, they also had time to consider accommodations for inmates with disabilities.

Without such an exception barring relief, Plaintiffs have successfully pled a cause of action for discrimination under the ADA and the Rehabilitation Act. Plaintiffs allege that Defendants failed to accommodate their disabilities, which can amount to discrimination under the ADA. To state a claim of failure to accommodate, Plaintiffs must show: (1) they are "qualified individual[s] with a disability"; (2) "the disability and its consequential limitations were known by" Defendants; and (3) Defendants "failed to make reasonable accommodations." *Smith v. Harris Cty.*, 956 F.3d 311, 317 (5th Cir. 2020). Defendants do not dispute that Plaintiffs are qualified individuals with disabilities. Nor do Defendants dispute that they knew about Plaintiffs' disabilities. Rather, Defendants argue that Plaintiffs were not denied access to benefits or services based on their disabilities. (Doc. No. 53, at 27–28). However, Plaintiffs have properly pled that they are at higher risk for serious illness or death if they contract COVID-19 because of their disabilities. Plaintiffs allege that Defendants have known about this heightened risk, and by failing to provide protective measures, Defendants are failing to accommodate Plaintiffs in Defendants' administration of state-provided medical services and hygiene care. Taking these well-pled facts as true, the Court finds that Plaintiffs have stated a cause of action against Defendants for failure to accommodate in violation of the ADA and the Rehabilitation Act.

Finally, Defendants also argue in their Supplemental Motion to Dismiss that Plaintiffs have failed to state a claim because they failed to exhaust their administrative remedies under the Prison Litigation Reform Act (PLRA). (Doc. No. 55). For the reasons discussed in the Court's Memorandum and Order granting class certification (Doc. No. 160), the Court finds that Plaintiffs

were not required to exhaust their administrative remedies through TDCJ's grievance process before filing suit.

Because Plaintiffs have stated a claim for relief under both the Eighth Amendment and the ADA, the Court hereby denies Defendants' Motion to Dismiss under Rule 12(b)(6).

## VI.     CONCLUSION

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of July, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE