UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Laddy Curtis Valentine and Richard Elvin King, individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Bryan Collier, in his official capacity, Robert Herrera, in his official capacity, and Texas Department of Criminal Justice,<br><br>    Defendants. | Case No. 4:20-cv-01115<br><br>Hon. Keith P. Ellison |

**PLAINTIFFS' BRIEF ON THE LINTHICUM REPORT AND
MOTION TO ADMIT THE LINTHICUM REPORT INTO EVIDENCE**

During the cross examination of Defendants' expert Linda Follenweider, Plaintiffs' counsel used the Texas Department of Criminal Justice's Health Services Division Medical Director's Reports for the First and Second Quarter of 2020, authored by TDCJ's officer, Dr. Lannette Linthicum ("Linthicum Report"). *See, e.g.*, Trial Tr. 13-217:14–218:1. Defendants' counsel objected, claiming this document is not TDCJ's and that it is inadmissible because it is hearsay. *Id.* 13-227:6–8, 232:7–10. It is TDCJ's document; it is admissible.

I.  The Linthicum Report

The Linthicum Report came from TDCJ's website. Under the Texas Correctional Managed Health Care Committee ("CMHCC") section of TDCJ's website, TDCJ posts "documents and publications,"[1] including Meeting Agendas and Minutes for CMHCC meetings:



---

[1] https://www.tdcj.texas.gov/divisions/cmhc/publications.html

One of the documents posted is the CMHCC Agenda for June 17, 2020. Ex. 1, CMHCC Agenda.[2] One of the items on the agenda for that June 17, 2020 meeting was receiving updates from the three medical directors, one of whom is Dr. Lannette Linthicum for TDCJ:

> V.  Medical Directors Updates
>   1. Texas Department of Criminal Justice
>      - Health Services Division Fiscal Year 2020 First and Second Quarter Reports
>   2. Texas Tech University Health Sciences Center
>   3. The University of Texas Medical Branch

*Id.* at 2. These two quarterly reports comprise the Linthicum Report that Plaintiffs seek to admit and use with Ms. Follenweider. *Id.* at 133. Plaintiffs seek to use the Linthicum Report, which was created by Dr. Linthicum in her role as Director of TDCJ's Health Services Division. Ex. 2, Linthicum Report at 1. In her Second Quarter Report, Dr. Linthicum explains that "Operational Review Audits (ORAs)" were conducted at nine facilities, one of which was the Pack Unit. To be compliant, "a facility must score 80% or better on an Operational Review Question." *Id.* at 2. The Pack Unit failed five separate items, including scoring 0% on two items. *Id.* at 2–3.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE

HEALTH SERVICES DIVISION
MEDICAL DIRECTOR'S REPORT
Second Quarter FY 2020

Lannette Linthicum, MD, CCHP-A, FACP

---

[2] As of this writing, its website address is: https://www.tdcj.texas.gov/divisions/cmhc/docs/cmhcc_meetings/2020-06-17_CMHCC_Agenda.pdf.

## II. The Linthicum Report Is Admissible

### A. The Linthicum Report Is Self-Authenticating

As it has done throughout the case,[3] TDCJ is challenging the authenticity of its own documents. Trial Tr. 13-232:7–10. Under Rule 902(5), the Linthicum Report is self-authenticating because it is "[a] book, pamphlet or other publication purporting to be issued by a public authority" (TDCJ and its Health Services Division), and thus "require[s] no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902(5). Indeed, the CMHCC Agenda is also self-authenticating because CMHCC is a public authority that is authorized by Chapter 501, Subchapter E of the Texas Government Code.

Moreover, the Fifth Circuit has repeatedly recognized that this type of document—a publication on a party's own website—is the proper subject of judicial notice. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (courts may take judicial notice of government agency's own website); *Valentine v. Collier II*, 960 F.3d 707, 708, n.1 (5th Cir. 2020) (taking judicial notice of TDCJ's website in this case); *In re Abbott*, 954 F.3d 772, 779 (5th Cir. 2020) (taking judicial notice of COVID-19 statistics); *United States v. Flores*, 730 F. App'x 216, 220 (5th Cir. 2018) (court may take approval of owner's manual from website); *United States v. Long*, 562 F.3d 325, 334 n.22 (5th Cir. 2009) (taking judicial notice of psychiatric DSM as an authoritative source); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of a party's prior representation from Westlaw and Lexis).

---

[3] For example, TDCJ asserted authenticity objections to approximately 78 of the exhibits on Plaintiffs' exhibit list which were saved versions of TDCJ's website or documents produced in discovery by TDCJ. *See* Doc. 254 (objecting to the authenticity of Plaintiffs' exhibits 12, 13, 14, 15, 24, 28, 38, 40, 41, 42, 44, 46–48, 59–65, 67–71, 74, 77, 131, 132, 135–142, 144–152, 154, 168A, 168B, 170, 185, 198–214, 290–298). These exhibits have been admitted.

3

The Linthicum Report is self-authenticating, and the Court can take judicial notice of it given it came from Defendants' own website. Thus, contrary to Defendants' claim, no witness is needed to authenticate TDCJ's own document.

    **B.**    **The Linthicum Report Is Not Hearsay**

Defendants also made hearsay objections to the Linthicum Report. Trial Tr. 13-219:23. The Linthicum Report is not hearsay under Rule 801 because it is a statement "offered against an opposing party and: (A) was made by the party in an individual or representative capacity; . . . [or] (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2). The face of the Linthicum Report states that it is a "TEXAS DEPARTMENT OF CRIMINAL JUSTICE" document, authored by TDCJ's representative, Dr. Lannette Linthicum in her official role as Director of TDCJ's Health Services Division. Ex. 2 at 1. It is also published on TDCJ's website.

During trial, Defendants tried repeatedly to misdirect the Court to the Agenda as a whole, rather than the discrete Linthicum Report actually at issue. Trial Tr. 13-229:4–9, 231:16–21. Even so, the CMHCC Agenda (and the discrete TDCJ Report actually at issue here) are expressly *not* hearsay under Rule 801(d)(2)(D) because CMHCC is TDCJ's agent. As TDCJ provides on its website, the "CMHCC was originally established by the 73rd Legislature in 1993 to address the rising costs and operational challenges involved in providing health care to prisoners confined in the Texas Department of Criminal Justice" and that the "primary purpose of the CMHCC partnership is to ensure that TDCJ offenders have access to quality health care . . ."[4] It is therefore evident that CMHCC is TDCJ's agent for health care provision. Indeed, Defendants have sought to rely on CMHCC, and its B-14.52 policy, throughout this suit.

---

[4] https://www.tdcj.texas.gov/divisions/cmhc/index.html

CMHCC held this meeting and recorded the CMHCC Agenda in the scope and course of its agency relationship with TDCJ. Both the Linthicum Report and the broader CMHCC Agenda is therefore not hearsay.

### C. The Linthicum Report Is Also an Exception to Hearsay

Even if the Linthicum Report and CMHCC Agenda were hearsay (they are not), they would still be admissible as exceptions to the rule against hearsay for two separate reasons. *First*, the Linthicum Report (and the broader CMHCC Agenda) are public records. Fed. R. Evid. 803(8). The Linthicum Report is a statement of a public office (e.g., TDCJ) that sets out its Health Services Division's Report for the first and second quarter of fiscal year 2020. Further, CMHCC is required to maintain its meeting agendas and minutes as public records under Texas Government Code Section 551 *et seq*. As the Linthicum Report is wholly subsumed within CMHCC's Agenda, it, too, falls under this exception. *Second*, both the Linthicum Report and CMHCC Agenda are records of a regularly conducted activity (business records). Fed. R. Evid. 803(6). Thus, both the Linthicum Report, and the broader CMHCC Agenda that contain it as a document, would also be admissible as exceptions to hearsay, though they are not hearsay to begin with.

### III. CONCLUSION

For the foregoing reasons, Defendants' objections should be overruled, and the Linthicum Report should be admitted into evidence.

|  |  |
|---|---|
| Dated: July 30, 2020 | Respectfully submitted,<br><br>**WINSTON & STRAWN LLP**<br><br>By:  /s/ *John R. Keville* |
| Jeff Edwards<br>Texas Bar No. 24014406<br>jeff@edwards-law.com<br>Scott Medlock<br>Texas Bar No. 24044783<br>scott@edwards-law.com<br>Michael Singley<br>Texas Bar No. 00794642<br>mike@edwards-law.com<br>David James<br>Texas Bar No. 24092572<br>S.D. Tex. ID No. 2496580<br>david@edwards-law.com<br>**THE EDWARDS LAW FIRM**<br>The Haehnel Building<br>1101 East 11th Street<br>Austin, Texas 78702<br>Tel. (512) 623-7727<br>Fax (512) 623-7729 | John R. Keville<br>*Attorney-in-Charge*<br>Texas Bar No. 00794085<br>S.D. Tex. ID No. 20922<br>jkeville@winston.com<br>Denise Scofield<br>Texas Bar No. 00784934<br>S.D. Tex. ID No. 1529<br>dscofield@winston.com<br>Michael T. Murphy<br>Texas Bar No. 24051098<br>S.D. Tex. ID No. 621098<br>mtmurphy@winston.com<br>Brandon W. Duke<br>Texas Bar No. 240994476<br>S.D. Tex. ID No. 2857734<br>bduke@winston.com<br>Benjamin D. Williams<br>Texas Bar No. 24072517<br>S.D. Tex. ID No. 1447500<br>bwilliams@winston.com<br>Robert L. Green<br>Texas Bar No. 24087625<br>S.D. Tex. ID No. 2535614<br>rlgreen@winston.com<br>Corinne Stone Hockman<br>Texas Bar No. 24102541<br>S.D. Tex. ID No. 3019917<br>chockman@winston.com<br>800 Capital Street, Suite 2400<br>Houston, Texas 77002<br>Tel. (713) 651-2600<br>Fax (713) 651-2700 |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document has been served on July 30, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per the Local Rules.

>　　　　　　　　　　　　　　　*/s/ Brandon W. Duke*
>　　　　　　　　　　　　　　　Brandon W. Duke