UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE and RICHARD ELVIN KING, individually and on behalf of those similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, And TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br>    Defendants. | §§§§§§§§§§§§§ | Civil Action No. 4:20-cv-01115 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PHOTOGRAPHS AND TEXT MESSAGES [DKT. NO. 268]**

Defendants Bryan Collier ("Collier"), Robert Herrera ("Herrera"), and the Texas Department of Criminal Justice ("TDCJ") (collectively, "Defendants") file their Response in Opposition to Plaintiffs' Motion to Compel Photographs and Text Messages. In support, Defendants offer the following:

**INTRODUCTION**

Plaintiffs' Motion to Compel is moot. ECF 268.

On Friday, July 24, 2020, during direct examination of Paul Wilder ("Wilder"), Defendants sought to admit a photograph taken from Wilder's phone. Tr. Trans. at 10—231: 9-10. Subsequently, after overruling objections by Defendants' counsel regarding attorney-client privilege, the Court and Plaintiffs' Counsel questioned Wilder about the contents of his phone and whether the contents were subject to disclosure under Rules 26(a) or 34. Defendants requested to brief the issue, which the Court granted. Tr. Trans. At 10—241:14-15.

On Tuesday, July 28, 2020, after briefing and argument from both parties, the Court ordered production of the photographs and text messages on the state-issued phones of Oscar Mendoza ("Mendoza"), Lorie Davis ("Davis"), Paul Wilder ("Wilder"), and Defendants Herrera and Collier. Pursuant to the Court's order, production of the phone data at issue is to be produced after Defendants "review[ed] the phones for attorney-client privilege materials and other materials that may be clearly irrelevant." Tr. Trans. 11—28:20-23. While the Court noted the parties likely have differing views of what is "relevant," the Court reiterated the purpose of the ordered production is "to see whether there was or was not any adaptation of CDC [guidance to the Pack Unit] . . . ." Tr. Trans. 11—29:8-9.

Following the Court's order for production of relevant and responsive photos and texts from the five TDCJ officials' phones, Defendants' counsel immediately began complying with the order. Two days after the Court's order regarding the production of the relevant photos and text messages, on June 30, 2020, Plaintiffs' counsel filed the motion to compel at issue. ECF 268. The motion reiterates the arguments already entertained by and ruled upon by the Court. The motion also re-urges Plaintiffs' demand that the phones be forensically examined by a neutral third-party. This request was made prior to the Court's order on production. Because the Court considered and did not grant Plaintiffs' demand for forensic examination, it need not be readdressed or reargued now, especially since Plaintiffs have proffered no evidence that such burdensome steps are necessary. Plaintiffs have lodged complaints before the information has been produced. Plaintiffs complain about production before receiving it, and that alone does not warrant the forensic examination demanded.

## ARGUMENT AND AUTHORITIES

Plaintiffs have been aware of the existence of these state-issued cell phones since the inception of this case. Additionally, Plaintiffs had the opportunity and did depose Mendoza, Davis, Wilder, and Defendants Herrera and Collier, and Plaintiffs did not request photos or text messages related to pending discovery requests before any of these depositions occurred.

On April 27, 2020, Plaintiffs sent Defendants discovery requests including 22 requests for production and 8 interrogatories. None of the requests sought Mendoza, Davis, Wilder, Herrera or Collier's text messages or photographs. On July 24, 2020, and again on July 28, 2020, Plaintiffs argued that these documents are responsive to their request for production numbers 9 and 17. Defendants, however, could not have reasonably anticipated that the photos and texts now ordered to be produced were responsive to those requests.

Request for production number 9 seeks: "All policies, procedures, standing directed orders, standard operating procedures, administrative directives, training manuals, instructional videos, training materials, or other instructions to TDCJ staff, contractors, and prisoners concerning coronavirus a/k/a COVID-19." This request clearly seeks documents used for policies, procedures and training related to COVID-19. In no realm could Defendants have anticipated these custodians' text messages and photos were implicated by this request for production. The photos and text messages are not policies, procedures or training materials related to COVID-19 and, therefore, are not responsive to request for production number 9.

Request for production number 17 seeks, "All documents showing how TDCJ adapted the CDC Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities for use at the Pack Unit. Please separately identify any documents

3

indicating the guidance was adapted based on the Pack Unit's physical space, staffing, population, operations, and any other resources and conditions." Defendants did not understand that Plaintiffs sought all photos of the Pack Unit adapting (and not adapting) the guidelines by this request. But pursuant to the Court's order for production, Defendants complied and produced all photos of the Pack Unit generated February 15, 2020 or later from the five officials' phones. The production of text messages has not yet occurred as the collection and review of text messages require a much more exacting review for relevance and privilege.

Plaintiffs have repeatedly argued the need for an expedited trial despite knowing Defendants would not be able to complete review and production of all potentially responsive information in the expedited timeframe offered by Plaintiffs. Knowing this, Plaintiffs continued to press for and received an extremely expedited trial setting. Defendants' counsel have been diligent and will continue working to meet the case's deadlines.

To reiterate Defendants' responsiveness to Plaintiffs' prioritization of discovery production, in addition to the extensive ESI review underway, Defendants responded to Plaintiffs' June 26 email request to prioritize the production of specific documents, including "all Step 2 grievance forms that have been returned to Pack Unit inmates; all contract tracing forms; and all death investigations for the deceased inmates." ECF No. 199—4. Prior to conferring with Defendants' counsel, Plaintiffs subsequently filed a Motion to Compel Document Production and Supplemental Discovery Responses seeking production of, "(1) contact-tracing forms for the Pack Unit; (2) investigations of suspected COVID-19-related deaths of Pack Unit inmates; (3) test results for COVID-19 at the Pack Unit (or a supplemental response to Interrogatory 1; and (4) records of Pack Unit hospitalizations related to COVID-19." ECF No. 199 at 4-5. The Court did

not rule on the motion after learning there had been no conference prior to the filing of the motion, and Defendants agreed such documents would be produced.

Similarly, here, Plaintiffs filed the instant motion to compel after the Court ruled and Defendants agreed to comply with the Court's direction to produce photos of the Pack Unit and relevant text messages from the five TDCJ officials' state cell phones created from February 15, 2020 to present once the photos and text messages had been reviewed for relevance and privilege. As of August 3, 2020, Defendants have produced all relevant photos to Plaintiffs' counsel. Defendants' counsel continue to work diligently to review the text messages for relevance and privilege and will produce those messages as soon as that review is complete. Further, as acknowledged in Plaintiffs' counsel's email dated June 30, 2020 and as outlined in Defendants' proposed scheduling order, discovery formally closed on July 7, 2020. ECF No. 199—6; ECF No. 141.

## CONCLUSION

As ordered by the Court on July 28, 2020, Defendants produced all potentially responsive photographs from Wilder, Mendoza, Davis, and Defendants Herrera and Collier's state-issued telephones (from February 15, 2020 to present). Defendants' review of potentially responsive text messages requires more time as it involves a more exacting review fort relevance and privilege. Plaintiffs' motion to compel the production of items already produced and being reviewed for production is unnecessary and moot; and Defendants request that it be denied.

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
Texas State Bar No. 24074047
Federal Bar No. 1125898
christin.vasquez@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9996 (fax)

## NOTICE OF ELECTRONIC FILING

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Court's electronic filing system, on August 3, 2020.

*/ s/ Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing **Defendants' Response in Opposition to Plaintiffs' Motion to Compel Photographs and Text Messages** has been served electronically upon all counsel of record *via* the electronic filing system of the Southern District of Texas, on August 3, 2020.

/s/ *Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General