United States District Court
Southern District of Texas
**ENTERED**
August 04, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1115 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Pending before the Court is Plaintiffs' Emergency Motion to Compel Photographs and Text Messages. (Doc. No. 268). Plaintiffs seek to compel Defendants to produce relevant photographs and text messages from the state-issued phones of five witnesses for Defendants: Paul Wilder, Bryan Collier, Oscar Mendoza, Robert Herrera, and Lorie Davis (the "Witnesses").

The instant motion to compel relates to a discovery dispute that arose on the tenth day of the ongoing bench trial before this Court on July 24, 2020. After Defendants presented a photograph that had been taken on Assistant Warden Wilder's state-issued phone, and which had only been produced to Plaintiffs shortly before it was presented in court, the parties disputed whether photographs and text messages from the state-issued phones of the Witnesses were discoverable under Rule 26 of the Federal Rules of Civil Procedure. After considering the parties' briefing and arguments on the matter, the Court issued a ruling from the bench on July 28, 2020, that the relevant photographs and text messages on these state-issued phones were in fact discoverable and that Plaintiffs were entitled to those documents. TT11-17:25–18:4. The Court instructed the parties to confer about and agree upon a process for producing the relevant information. The parties reached an impasse.

Plaintiffs filed the instant Motion to Compel on July 30, 2020, after receiving no response from Defendants as to their latest communication. (Doc. No. 268). The Motion to Compel seeks production of all relevant photographs and text messages from the state-issued phones of the Witnesses from February 15, 2020 to the present and the five state-issued phones themselves for neutral third-party forensic imaging. On August 3, 2020, Defendants filed their Response in Opposition to Plaintiffs' Motion to Compel. (Doc. No. 283). On August 4, 2020, the Court held a video hearing to address the motion and took the matter under advisement. After considering the parties' written and oral arguments, the Court now addresses each of the three requests in turn.

As an initial matter, Defendants argue that this motion is moot. (Doc. No. 283). But given that, as will be discussed *infra*, (1) certain relevant metadata of the photographs were inadvertently not disclosed to Plaintiffs, (2) relevant text messages have not yet been produced, and (3) the representations by Defendants' counsel at the August 4, 2020 hearing that certain text messages may have been deleted presents new facts bearing on the necessity of forensic imaging, the issues in this discovery dispute remain live.

Turning to Plaintiffs' first request, Plaintiffs urge the production of all relevant photographs. In their responsive briefing and at the hearing, Defendants informed the Court that as of August 3, 2020, all relevant photographs had been produced to Plaintiffs. While Plaintiffs agreed that Defendants had produced the relevant photographs, Plaintiffs stated that many of those photographs did not include the necessary metadata to determine when, where, and upon what device the files originated. Defendants explained that the omission was inadvertent and assured the Court that they would re-produce the photographs along with the accompanying metadata to Plaintiffs. Because the Court finds that the metadata associated with the already-produced photographs is relevant to Plaintiffs' claims, it hereby **GRANTS** Plaintiffs' motion to compel

production of the metadata associated with the photographs Defendants have already disclosed to Plaintiffs.

Second, Plaintiffs seek to compel the production of all relevant text messages between any TDCJ employees on the Witnesses' state-issued phones. This Court has already determined that these text messages are discoverable and, given their relevance to Plaintiffs' claims, must be produced to Plaintiffs expeditiously. While the Court is acutely sensitive to concerns of attorney-client privilege and privacy in requiring production of these relevant text messages, the Court is persuaded that these concerns are mitigated by narrowing the required production to only those messages that are between TDCJ employees, and not those to or from attorneys or non-TDCJ-employee family members. Limiting production in this way ensures that Plaintiffs receive the documents expeditiously while also reducing the burden on Defendants and preventing privileged information from being disclosed. The Court additionally recognizes the unique difficulty posed by the nature of text message communication in determining which text messages are relevant and must therefore be produced. *See* Fed. R. Civ. P. 26(b)(1). Other district courts grappling with this issue have ordered parties to "produce text messages in their entirety" and have used a protective order to mitigate any resulting privacy concerns. *See, e.g.*, *Mgmt. Registry, Inc. v. A.W. Cos.*, No. 17 Civ. 5009, 2020 WL 468846, at *4–5 (D. Minn. Jan. 29, 2020). Given the urgency of the issues in this case, the late stage of litigation, and, importantly, the need to "avoid further litigation around [this] issue," the Court determines that it would be most prudent for Defendants to produce text messages for the relevant time period for the five state-issued phones in their entirety, with the exceptions noted above for attorney-client and other personal communications. *Id.* at *5. Plaintiffs' Motion to Compel as to the relevant text messages is therefore **GRANTED**.

Finally, Plaintiffs urge the Court to compel Defendants to produce the five state-issued phones for forensic imaging and retention of those images by a neutral third-party forensic expert. In considering this request, the Court is concerned by Defendants' representation at the hearing that some text messages may have been deleted even after a notice to retain was issued on April 6, 2020. Citing what they described as a "complicated technology issue," Defendants informed the Court that they were still working to confirm whether any relevant text messages had, in fact, been deleted. In light of the potential deletion of text messages, and given the complicated technology involved, the Court concludes that forensic imaging of the five state-issued phones by a neutral third-party expert would help determine whether the text messages were properly preserved and produced during the relevant period. Once imaging has been complete, the parties should confer about a protocol for reviewing the forensic images. Plaintiffs' Motion to Compel as to the relevant text messages is therefore **GRANTED**.

Plaintiffs' Motion to Compel as to the request for relevant photographs including metadata, text messages, and forensic imaging of the state-issued phones is therefore **GRANTED** as follows:

IT IS SO ORDERED that Defendants shall, by 5:00 p.m. on August 5, 2020, produce the metadata associated with the photographs they have already produced to Plaintiffs.

IT IS SO ORDERED that Defendants shall, by 5:00 p.m. on August 5, 2020, produce all text messages from February 15, 2020 to the present between any TDCJ employees on the state-issued mobile phones of Paul Wilder, Bryan Collier, Oscar Mendoza, Robert Herrera, and Lorie Davis. Text messages to and from Defendants' attorneys or to and from non-TDJC-employee family members are to be excluded from this production.

IT IS SO ORDERED that Defendants shall, by 5:00 p.m. on August 5, 2020, provide those state-issued phones to a neutral third-party forensic expert for forensic imaging at Plaintiffs' expense from February 15, 2020 to the present.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 4th day of August, 2020.

 

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE