United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1115 |
| | § | |
| BRYAN COLLIER, *et al*, | § § | |
| Defendants. | § | |

# **ORDER**

Defendants have filed an Emergency Motion for Clarification or Reconsideration (Doc. No. 289) regarding this Court's August 4, 2020 Order to Compel (the "Order") (Doc. No. 284). As relevant here, that Order required that by 5:00 p.m. on August 5, 2020, Defendants must:

> produce **all** text messages from February 15, 2020 to the present between any TDCJ employees on the state-issued mobile phones of Paul Wilder, Bryan Collier, Oscar Mendoza, Robert Herrera, and Lorie Davis. Text messages to and from Defendants' attorneys or to and from non-TDCJ-employee family members are to be excluded.

(Doc. No. 284 at 4) (emphasis added). Defendants seek clarification as to whether the Court requires production of all text messages except for those explicitly excluded, or only all *relevant* text messages. To the extent the Order encompassed the former, Defendants urge the Court to reconsider its ruling. The Court heard argument on the matter at a video hearing on August 6, 2020.

The Court clarifies that its Order required Defendants to produce *all* text messages from February 15, 2020 to present on the five phones at issue except for those text messages to or from attorneys and non-TDCJ-employee family members. Having so clarified, the Court turns next to Defendants' request for reconsideration.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Blueskygreenland Envtl. Sols., LLC v. Rentar Envtl.*, No. 4:11-cv-01745, 2012

1

WL 423399, at *2 (S.D. Tex. Feb. 8, 2012) (Ellison, J.) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004)). Courts, however, retain the power to revise interlocutory orders before entering judgment adjudicating the parties' claims, rights, and liabilities under Rule 54(b), and a motion urging the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *See, e.g.*, *Hazim v. Schiel & Denver Publ'g Ltd.*, H-12-1286, 2015 WL 5227955, at *2 (S.D. Tex. Sept. 8, 2015). A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. Hydro Chem., Inc.*, 367 F.3d 472, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Such motions serve the narrow purpose of allowing "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.*

Defendants raise no new arguments in support of their request for reconsideration that this Court has not already considered and denied. Defendants contend that production of all text messages excluding the enumerated carveouts may include messages that are irrelevant to this lawsuit or contain sensitive information about inmates and TDCJ staff. The Court is not unsympathetic to these concerns.[1] In the normal course of events, the Court would expect the parties to have met and conferred in order to jointly determine criteria for producing relevant communications. However, this is no longer realistic. The Court has carefully weighed Defendants' concerns as well as the countervailing concerns of the need for expediency and complete

---

[1] As expressed at the hearing, the Court disagrees with Defendants' characterization that Plaintiffs seek the production of irrelevant information. Rather, the parties disagree on the scope of what is relevant—what Defendants consider irrelevant may be considered relevant by Plaintiffs, and vice versa—and thus the Court is adhering to its original Order.

production. The Court accordingly previously concluded that the text messages are discoverable, and that, given the urgency of the issues in this case, the inherent difficulty of readily determining the relevance of text messages, Defendants' failure to produce this information during the normal discovery process, and the late stage of litigation, production of all text messages aside from those explicitly excluded by the Order is merited.

Developments since the Court issued its Order have further persuaded the Court of the need to produce all unexcluded messages. At the hearing on August 6, 2020, Defendants informed the Court that they had produced to Plaintiffs all of the text messages that they considered to be relevant from the five phones at issue. Plaintiffs, however, reported that many of those text messages were blank and that, in some instances, individual messages within a conversation thread were deleted without explanation. It remains unclear to the Court how Defendants determined the relevance of text messages, and Defendants have provided no concrete explanation. Moreover, certain messages that have been presented to the Court, including some raising concerns about the completeness of test result reporting, further persuade the Court that text messages procured from the phones at issue are of utmost relevance and import to Plaintiffs' claims. Under such circumstances, and because Defendants have presented no new law or evidence in support of their motion, the Court declines to substantively reconsider its order.

The Court accordingly **ORDERS** the following. By 3:00 p.m. on August 7, 2020, Defendants must produce all text messages from February 15, 2020 to the present between any TDCJ employees on the state-issued mobile phones of Paul Wilder, Bryan Collier, Oscar Mendoza, Robert Herrera, and Lorie Davis. Text messages to and from Defendants' attorneys or to and from non-TDCJ-employee family members are to be excluded. These text messages will be produced to Plaintiffs under seal. Should Defendants deem that a message is both irrelevant and sensitive,

3

Case 4:20-cv-01115   Document 297   Filed on 08/06/20 in TXSD   Page 4 of 4

Defendants may submit those messages to the Court for *in camera* review by Magistrate Judge Dena Hanovice Palermo to determine whether they may properly be withheld from production.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 6th day of August, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE