Case 4:20-cv-01115   Document 350   Filed on 08/12/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Laddy Curtis Valentine and Richard Elvin King, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Bryan Collier, in his official capacity, Robert Herrera, in his official capacity, and Texas Department of Criminal Justice,<br><br>Defendants. | Case No. 4:20-cv-01115<br><br>Hon. Keith P. Ellison |

SUPPLEMENTAL CONFIDENTIALITY AND PROTECTIVE ORDER:

FORENSIC REVIEW PROTOCOL

1. This protocol shall govern the forensic imaging and analysis of state-issued phones produced by Defendants Bryan Collier and Robert Herrera, as well as witnesses, Paul Wilder, Oscar Mendoza, and Lorie Davis, ordered to be produced to a neutral forensic expert in connection with the lawsuit captioned *Laddy Curtis Valentine, et al v. Bryan Collier, et al.,* Cause No. 4:20-CV- 1115, in the District Court, Southern District of Texas (the "Litigation").

2. The Court appoints R3 Digital Forensics, LLC ("R3") to serve as the neutral forensic expert. The neutral forensic expert's costs and expenses shall be paid entirely by Plaintiffs' counsel. The State of Texas, including the Office of the Attorney General and the Texas Department of Criminal Justice, shall not be liable for payment of any fees or expenses charged or incurred by R3 or payable to R3.

3. Neither party may communicate with the neutral forensic expert or representative of the neutral forensic expert without the other party being present for that communication.

4. R3 shall create a "full file system extraction" forensic image of each of the state-issued phones limited to February 15, 2020 to present, no later than 5:00 p.m. on Tuesday, August 11, 2020. The phones will be returned to their owners immediately after imaging.

5. R3 shall conduct a forensic analysis of each of the forensic images under this forensic protocol as required by the Court order and specified in this protocol. The parties agree to limit production of data from the forensic images to the period of February 15, 2020 to August 6, 2020.

6. The Texas Department of Criminal Justice ("TDCJ") shall remain the sole owner of all forensic images created and any and all information contained on these 5 state-issued phones, including any and all information, data, reports, or files, of any type or format, in any medium, generated or obtained therefrom in any manner. No person from Winston & Strawn, the Edwards Law Firm, or any other representative of the Plaintiffs in this lawsuit shall be given direct access to the devices or forensic images. The parties to the litigation and their respective counsel agree that the provision of the material by the State to R3 for purposes of this engagement and review pursuant to this protocol does not effect or constitute any waiver of attorney-client communications privilege, attorney work product doctrine, or any other protection against disclosure or discovery by the State of Texas or any of its agencies. R3 will not, absent a final and non-appealable court order, release or display any material asserted by the State of Texas through the Attorney General's Office to be privileged or exempt from discovery to anyone not authorized by the State of Texas through the Attorney General's Office to have such access.

7. For each forensic image, R3 shall conduct the following analysis:

    A. <u>Text Messages</u> – R3 shall search the text messages on each forensic image to identify and produce to Counsel for Defendants all texts to and from the phone's owner created between July 28, 2020 to August 6, 2020, no later than 5:00 p.m. on Thursday, August 13, 2020. R3 shall provide these text messages with all associated metadata in Excel spreadsheet format.

    B. <u>Deletion Activity</u> - R3 shall conduct a forensic analysis of deletion activity occurring on each of the five state-issued phones. This deletion activity review shall be prioritized over the other forensic analysis listed in this protocol.

        i. R3 shall analyze the forensic images of each cell phone to determine whether any text messages or photographs created between February 15, 2020 to August 6, 2020 have been deleted. For all text messages and photographs that have been deleted, R3 shall produce to all Counsel simultaneously a list of identifying information for all deleted texts and photographs, with associated metadata including dates of creation and deletion and indicate whether the photograph or text message was recovered. This list of identifying information should not include the content of text messages or the photographs.

        ii. If possible, R3 shall recover all text messages to and from the phone's owner created between February 15, 2020 to August 6, 2020 that have been deleted. R3 shall produce to Counsel for Defendants for review in accordance with Paragraph 8 below, any such text messages in Excel spreadsheet format, with all associated metadata including dates of creation and deletion and indicate whether the text message was recovered.

    C. <u>Photographs</u> – R3 will search for and identify all photographs present on each phone image from February 15, 2020 to present. R3 will provide to both Counsel simultaneously a complete list of all such image files, along with thumbnail images

    for Counsels' review. Upon Counsels' request, R3 will produce the native version of any image file, along with all associated metadata.

8. Within 24 hours of R3's production of each of the items listed in paragraph 7, Counsel for Defendants must do the following. Counsel for Defendants will review each of said items for (i) attorney-client privilege; (ii) attorney work product; and (iii) confidentiality under state and federal law. Following Counsel for Defendants' review of the items listed in paragraph 7, Counsel for Defendants shall produce to Counsel for Plaintiffs all text messages except those withheld based on the aforementioned categories (i)-(iii). Counsel for Defendants shall produce all withheld text messages, with objections, for *in camera* review by U.S. Magistrate Judge Dena Hanovice Palermo.

9. Following the final disposition of this litigation through all courts, all forensic images obtained by R3, as well as all information, data, files, and reports derived, of all types and formats, from the forensic images shall be wiped from R3's systems using the Unix dd command-line utility, or equivalent, to write over the entire drive containing the Defendants' images, as well as all information, data, files, and reports derived, of all types and formats, from the forensic images, with 0s and notice shall be provided to all Counsel confirming same. Additionally, following the final disposition of this litigation through all courts, all information, reports, and files, of any kind and format, are to be deleted and destroyed in their entirety from all of R3's files, servers, and devices, of all types, including in all mediums and formats both digital and paper, and notice shall be provided to all Counsel confirming same.

10. Following the final disposition of this litigation through all courts, within 10 business days, all information, data, files, and reports derived from Defendants' forensic images, of all types and formats, shall be deleted and destroyed in their entirety from all of Counsels for Plaintiffs' files, servers, and devices of all types, including in all mediums and formats, both digital and paper and notice shall be immediately provided to Counsel for Defendants confirming same.

11. Unless the information was made public during the trial in this matter, or its Designation is successfully challenged pursuant to Paragraph 11 of the Agreed Confidentiality and Protective Order, ECF No. 87, all information, data, reports, or files, of any kind, including but not limited to summaries and notes, gathered and obtained by Plaintiffs or any of Plaintiffs' attorneys or representatives, including any members, employees or contractors of the law firm of Winston & Strawn or the Edwards Law Firm who performed work for or were employed by those law firms during the time that this litigation or any appeal from this litigation is pending, through the forensic imaging obtained pursuant to Court order under this protocol shall not be used in any form as part of any other claim, allegation, or lawsuit currently pending, previously closed, or brought at any time in the future against TDCJ, its officers, its employees, its agents, or its partners.

12. All reports, analyses of the phones, notes, summaries, data, and production created, obtained, or used under this protocol shall be designated "Ultrasensitive" pursuant to the Agreed Confidentiality and Protective Order, ECF No. 87, and this Agreed Supplemental Confidentiality and Protective Order, subject to the terms of contained in each. Such items shall only be viewable by "Qualified Persons," as that term is defined in Paragraph 2(a) of the Agreed Confidentiality and Protective Order, as of the time this protocol is entered. ECF No.

87. Designation as "Ultrasensitive" shall be subject to challenge by the process outlined in Paragraph 11 of the Agreed Confidentiality and Protective Order. ECF No. 87.

13. Any attempt to use knowledge gained through this procedure, including knowledge of the existence of these forensic images or the information obtained therefrom, including but not limited to text messages, whether as impeachment or for any other purpose, by any Counsel for Plaintiffs or their representatives, including any members, employees or contractors of the law firm of Winston & Strawn or the Edwards Law Firm, employed or contracted by now or in the future, in any other claim, allegation, or lawsuit currently pending, previously closed, or brought at any time in the future against TDCJ, its officers, its employees, its agents, or its partners shall be deemed a violation of the Agreed Confidentiality and Protective Order, ECF No. 87, and this Agreed Supplemental Confidentiality and Protective Order. Such violation shall render Counsel ineligible to represent any party in any claim, allegation, or lawsuit currently pending, previously closed, or brought at any time in the future against TDCJ, its officers, its employees, its agents, or its partners in which the violation occurred. This paragraph does not bar use of documents independently obtained in other litigation from use in said litigation.

IT IS SO ORDERED.

Entered this 12th day of August 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE