United States District Court
Southern District of Texas
**ENTERED**
August 26, 2020
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LADDY CURTIS VALENTINE,** *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1115 |
| | § | |
| **BRYAN COLLIER,** *et al*, | § § | |
| Defendants. | § § § § | |

### ORDER FOR NEUTRAL THIRD-PARTY FORENSIC REPORT

On August 6, 2020, this Court appointed R3 as a neutral third-party to perform a forensic analysis of five state-issued cell phones in light of the possibility that information had been deleted from those phones. As the Court understands, R3 has completed its forensic analysis of the phones and has compiled a "deletion activity report," consisting of ten spreadsheets (two for each phone), which it has shared with the parties. (Doc. No. 366; Doc. No. 377.) Plaintiffs have filed a Motion for a Third-Party Neutral Forensic Report, requesting this Court order R3 to submit a formal report answering specific questions that Plaintiffs have enumerated. (Doc. No. 366.) Defendants oppose the Motion but state that they "would be amenable to having R3 compile and submit a neutral report containing only the underlying deletion information, which R3 has already done and the parties already have possession of, and for the parties to have an opportunity to examine the expert on his or her methods of compiling and the content of the report." (Doc. No. 377 at 3.)

At bottom, the parties dispute the significance and meaning of cell phone activity that R3 has identified as "deletions," and the Court would benefit from a more thorough understanding of R3's forensic analysis. At a telephonic hearing on August 25, 2020, both parties indicated that they

would not be opposed to a hearing such as the one Defendants describe in their Response. The Court additionally determines that in advance of that hearing, it would benefit from some background information that both the parties and the Court can further explore during oral testimony.

Accordingly, the Court **ORDERS** R3 to provide the parties and the Court with a written report detailing and summarizing its findings. In the report, R3 should explain the likelihood that any of the deletions it identified are the result of any automatic technological process, such as an automatic retention setting or re-purposing of phone storage. R3 should provide the report to the parties and the Court by Monday, August 31, 2020.

The Court additionally **ORDERS** R3 to provide three different 3-hour windows at which an R3 representative would be available to speak with the Court and the parties and respond to questions. These times should all be on or before September 10, 2020.

Finally, the parties **SHALL** agree on a means to communicate this Order to R3.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 26th day of August, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE