United States District Court
Southern District of Texas
**ENTERED**
October 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADDY CURTIS VALENTINE, *et al*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-CV-01115 |
| BRYAN COLLIER, *et al*, | § § § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO STAY PENDING APPEAL

In response to the COVID-19 pandemic and following an eighteen-day bench trial, the Court entered a permanent injunction on September 29, 2020, regarding policies and procedures at the Pack Unit prison, which is administered by the Texas Department of Criminal Justice ("TDCJ"). (Doc. 409.) The injunction is scheduled to become effective on October 14, 2020. (Doc. 409 at 83.)

On September 29, Defendants filed a notice of appeal (Doc. 411), and on September 30, Defendants filed an Emergency Motion to Stay the Permanent Injunction Pending Appeal. (Doc. 413.) Plaintiffs filed their Response on October 1. (Doc. 419.) On October 2, the Court heard argument by telephone and denied the motion for the reasons stated on the record. (Minute Entry dated October 2, 2020.) The Court writes to further explain its reasons for denying the motion.

The four factors the Court must consider in considering a motion to stay an injunction pending appeal are (1) the movant's likelihood of success on the merits, (2) irreparable injury to the movant absent a stay, (3) injury to other parties interested in the

proceeding, and (4) the public interest. *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). This Court's conclusions of law underlying the permanent injunction are largely determinative of the pending motion. The Court has already found against Defendants on the merits of Plaintiffs' claims, has found that there is irreparable harm to the inmates at TDCJ absent an injunction, and has found that the balance of harm to the parties and the public interest both favor the granting of an injunction. (Doc. 409 at 62–82.) Nevertheless, the Court recognizes that circumstances at the Pack Unit may have changed since trial and thus sought to understand from Defendants with which parts of the injunction Defendants are in compliance, with which parts of the injunction Defendants are not in compliance, and which parts of the injunction in particular will cause Defendants irreparable harm, as they argue in their motion. (Doc. 413 at 2–3.)

At the hearing, the Court offered Defendants an extension of time to comply with the terms of the injunction. Defendants declined. The Court inquired whether Defendants would agree to a stay of certain measures listed in the injunction while implementing other measures. Defendants declined. When asked about the specific irreparable harm that Defendants would suffer if the injunction went into effect, Defendants stated that they would suffer a lack of flexibility in implementing policies in the future. The Court stated that it would be available to hear modifications to the injunction on 24-hour notice, but Defendants declined, stating that an injunction of any kind would cause them irreparable injury given the need for absolute flexibility. Because the Court has already concluded that the measures in the injunction are both necessary and narrowly tailored to

remedy ongoing constitutional and statutory violations at the Pack Unit, it finds unpersuasive the argument that the harm suffered by Defendants under any injunction whatsoever warrants granting a stay of the injunction. As the Court explained previously, "[t]he difficulties that may be endured by prison authorities are modest relative to the harm to be averted." (Doc. 409 at 82.)

Previously, the Court issued a preliminary injunction in this case, which was vacated by the Fifth Circuit in a per curiam opinion finding that Defendants had "substantially complied with the measures ordered by the district court in its preliminary injunction." *Valentine v. Collier*, 960 F.3d 707, 707 (5th Cir. June 5, 2020). The Court asked whether Defendants were in "substantial" compliance with the current injunction, as Defendants previously argued on appeal, and Defendants did not take a position on that issue.

The Court has described the reasons that it found Defendants' current conduct to constitute deliberate indifference, and the Court has described at length the impact of the pandemic on the Pack Unit, including a minimum of 20 inmate deaths and more than 400 infections. (Doc. 409.) Neither in their Emergency Motion nor during the hearing did Defendants present additional evidence in support of the motion to justify a stay of the injunction pending appeal, nor do Defendants seek a modification of the injunction such as additional time or implementation of some but not all of the policies enumerated therein. The Court is open to entertaining requests to modify the exact contours of the permanent injunction in light of prison administration needs, but at bottom it continues to believe that an injunction is legally necessary for the reasons stated in its post-trial

findings of fact and conclusions of law.

Thus, for the reasons stated on the record and for the reasons above, Defendants' Emergency Motion for a Stay Pending Appeal is **DENIED.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on October 2, 2020.

Keith P. Ellison
U.S. District Judge